STATE of Minnesota, Respondent,

v.

James Arthur RAYMOND,
Jr., Appellant.

No. C5-88-948.

Supreme Court of Minnesota.

May 26, 1989.

C. Paul Jones, D. Richard Hellweg, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, and Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

WAHL, Justice.

Defendant appeals his convictions for first degree felony murder in violation of Minn.Stat. § 609.185(3) (1988) and second degree murder in violation of Minn.Stat. § 609.19(1) (1988) for the killing of his neighbor, Ruth Lyke. Neither conviction requires premeditation, but both require evidence of intent to kill. The sole argument on appeal is that the evidence presented at trial was insufficient to support a finding of intent to kill as a matter of law. We find the evidence was sufficient and affirm the conviction.

Some time after 2:00 a.m. on June 4, 1986, the then 14 year old defendant decided to rob the house of his 62 year old neighbor, Ruth Lyke. After unsuccessful attempts to enter on the first floor,[1] defendant gained entry to the Lyke home by slitting the screen to an open bathroom window on the second floor. Defendant claims that he did not believe anyone to be home, since he did not see a car parked out front, and that he was therefore surprised when Ruth Lyke attacked him from behind as he left her bedroom. Although defendant inflicted ten or eleven deep stab wounds in Ruth Lyke's chest and neck, he claims he inflicted the wounds only in self-defense and in an attempt to escape.

Defendant was convicted of first degree felony murder, the intentional killing of another in the course of a burglary, as well as second degree murder, an unpremeditated but intentional killing. The convictions were merged for sentencing and defendant was sentenced to life imprisonment. Defendant admits he committed the murder during the course of a burglary, but contends that he was attacked by the victim and only stabbed her in a panicked attempt

---

1. Evidence was presented to this court that appellant had earlier planned to rob the Lyke house and had stolen Mrs. Lyke's keys the day before. Mrs. Lyke was aware the keys had been taken and had all her locks changed on June 3, 1986, the day of the murder. Mrs. Lyke had also notified the police of the theft and indicated that she believed appellant was responsible. While this evidence might aid in establishing intent, these facts were kept from the jury. The court will not consider this evidence here.

to flee. He asks that his first degree murder conviction be reduced to second degree felony murder with a corresponding reduction in sentence.

Both § 609.185(3), first degree felony murder, and § 609.19, intentional second degree murder, require proof beyond a reasonable doubt that defendant caused "the death of a human being with intent to affect the death of that person or another * * *." "With intent" means "that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result." Minn.Stat. § 609.02, subd. 9(4) (1988).

Intent is an inference drawn by the jury from the totality of circumstances. *See* *State v. Marsyla*, 269 N.W.2d 2, 5–6 (Minn. 1978); *State v. Alladin*, 408 N.W.2d 642, 648 (Minn.Ct.App.1987) (rev. denied Aug. 12, 1987). The defendant's statements as to his intentions are not binding on the jury if defendant's acts demonstrate a contrary intent. *State v. Lundstrom*, 285 Minn. 130, 140, 171 N.W.2d 718, 724–25 (1969). On review, where the sufficiency of the evidence is challenged, this court makes a painstaking review of the record, *State v. Ellingson*, 283 Minn. 208, 211, 167 N.W.2d 55, 57 (1969), viewing it in the light most favorable to the verdict and assuming the jury disbelieved testimony in conflict with the result reached. *State v. Oevering*, 268 N.W.2d 68, 71 (Minn.1978). If the jury could reasonably conclude a defendant had been proven guilty, giving due regard to the presumption of innocence and the burden of proof beyond a reasonable doubt, this court will not disturb the verdict. *State v. Buchanan*, 431 N.W.2d 542, 547 (Minn.1988).

The evidence stands in mute witness against defendant. He had indicated that he did not like Mrs. Lyke, finding her "nosy." He knew that she worked days and did not go out at night. The bloodstains found on Ruth Lyke's bedsheets indicate that she was attacked while she was still in bed. There is evidence of a chase into the second bedroom, with a shoeprint left on the floor in Ruth Lyke's blood.

From the presence of blood in the hallway around the telephone as well as in the bathroom where she bled to death, the jury could infer that Ruth Lyke attempted to telephone for help and tried to escape to the one room in the house which could be locked from the inside.

Ruth Lyke died due to blood loss from ten or eleven stab wounds, one which cut ¾ through a rib, one which severed the subclavian vein and one which cut through an artery, causing severe projectile bleeding. The latter two wounds alone would have been fatal. Intent to cause the result of Ruth Lyke's death could be inferred from the nature and extent of the wounds and the fact that defendant left her to bleed to death while he went home to bed.

We hold the evidence of intent was sufficient to sustain appellant's conviction for murder in the first degree.

Conviction affirmed.