**STATE of Minnesota, Appellant,**

v.

**Albert NMN NEELY, Respondent.**

**No. C0–99–1498.**

Court of Appeals of Minnesota.

Jan. 11, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Jay M. Heffern, Minneapolis City Attorney, Lee C. Wolf, Assistant City Attorney, Minneapolis, MN (for appellant).

Robert M. Speeter, Speeter, Johnson, Hamilton & Wurst, Minneapolis, MN (for respondent).

Considered and decided by AMUNDSON, Presiding Judge, KALITOWSKI, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

The state appeals from a pretrial order dismissing a complaint charging respondent with multiple counts of gross misdemeanor DWI, arguing that the district court erred as a matter of law in ruling that respondent could not be charged with gross misdemeanor DWI. We reverse and remand for trial.

## FACTS

Prior to January 1, 1998, Minn.Stat. § 169.121, subd. 3(c)(1) (1996) provided:

[a] person is guilty of a *gross misdemeanor* [when] * * * the person [is convicted of DWI] * * * within ten years of the first of two or more prior impaired driving convictions.

(Emphasis added). Effective January 1, 1998, this statute was amended to read:

[a] person is guilty of an *enhanced gross misdemeanor* [when] * * * the person [is convicted of a DWI] within ten years of the first of two or more prior impaired driving convictions, two or more prior license revocations, or any combination of two or more prior impaired driving convictions and prior license revocations, based on separate incidents.

Minn.Stat. § 169.121, subd. 3(d)(2) (Supp. 1997) (emphasis added.) This enhanced gross misdemeanor statute provided for up to two years' incarceration for a third DWI conviction within ten years.

On March 11, 1999, the Minnesota Supreme Court held that enhanced gross misdemeanor statutes, such as Minn.Stat. § 169.121, subd. 3(d) (1998), were unconstitutional because they denied twelve-person juries to defendants accused of crimes for which twelve-person juries were mandated. *Baker v. State*, 590 N.W.2d 636, 640 (Minn.1999). But the *Baker* court stated that its decision applied only prospectively to then-pending cases that challenged the constitutionality of the enhanced gross misdemeanor statutes. *Id.*

On April 7, 1999, the state charged respondent Albert Neely with, among other things, gross misdemeanor DWI in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(c)(1), and refusal to submit to chemical testing in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(c)(1). Respondent had several convictions for impaired driving within the past ten years. Accordingly, because of respondent's prior convictions, the state charged the 1999 offenses as gross misdemeanors, pursuant to Minn.Stat. § 169.121, subd. 3(c)(1) (violation occurring within ten years of the first of two prior impaired driving convictions or two prior license revocations).

Respondent, relying on *Baker*, moved to dismiss the complaint, arguing that there was no longer an applicable gross misdemeanor DWI statute covering a third DWI within ten years. The district court granted the motion, holding that between the filing of *Baker* (March 11, 1999) and the effective date of a new amendment (May 25, 1999), there was no statute under which to charge a third DWI within ten years as a gross misdemeanor because that law had been superceded by the enhanced gross misdemeanor law that the *Baker* court held unconstitutional. The state challenges the district court's dismissal, claiming that the statute as it existed prior to the amendment automatically revived when *Baker* declared the superceding amendment unconstitutional.

## ISSUE

Did the district court err in holding that on April 7, 1999, there was no statute under which the third DWI in ten years could be prosecuted as a gross misdemeanor?

## ANALYSIS

### 1. Revival of Predecessor Statute

On March 11, 1999, the supreme court declared unconstitutional the successor amendment to the pertinent gross misdemeanor DWI law, Minn.Stat. § 169.121, subd. 3(c)(1). *See Baker*, 590 N.W.2d at 640. On April 7, 1999, the state filed a complaint charging respondent with gross misdemeanor DWI under the "revived" section 169.121, subd. 3(c)(1). On May 25, 1999, an entirely new amendment passed by the 1999 legislature became effective.

The district court denied revival of the statute under which respondent was charged and held that on April 7, 1999, there was no statute under which a third

DWI in ten years could be prosecuted as a gross misdemeanor. We disagree.

■ Because this case presents a purely legal question, we review de novo the district court's interpretation of law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Generally, where a statutory amendment is held unconstitutional, the predecessor statute is revived in the form in which it existed before the amendment. *Bongard v. Bongard*, 342 N.W.2d 156, 159 (Minn.App.1983) (as a general rule, an unconstitutional amendment has no effect and leaves a statute as it existed before the amendment); *State v. One Oldsmobile Two-Door Sedan, Model 1946*, 227 Minn. 280, 288, 35 N.W.2d 525, 530 (1948) (an unconstitutional forfeiture statute, being void and inoperative, cannot repeal or in any way affect an existing statute); *State v. Luscher*, 157 Minn. 192, 195, 195 N.W. 914, 916 (1923) (an unconstitutional licensing statute, being void and inoperative, cannot repeal or in any way affect an existing statute). "This follows inevitably from the fact that in the eyes of the law [the amendment] never came into existence * * *." *Bongard*, 342 N.W.2d at 159 (quoting *Mazurek v. Farmers' Mut. Fire Ins. Co.*, 320 Pa. 33, 181 A. 570 (1935)).

The state argues that when the *Baker* court held part of the 1998 amendment to Minn.Stat. § 169.121, subd. 3(d) (1998), unconstitutional, the prior version of that statute automatically revived and respondent was properly charged with a gross misdemeanor under the revived 1997 statute. This argument implicates two separate legal doctrines.

■ First is the rule that when a court finds a statute or statutory amendment unconstitutional, the statute is not only inoperative—it is also deemed never to have been enacted. *State v. Mullen*, 577 N.W.2d 505, 512 (Minn.1998) (quoting *McGuire v. C & L Restaurant, Inc.*, 346 N.W.2d 605, 614 (Minn.1984)). This rule generates a corollary that the statute as it

existed prior to the amendment automatically revives in full force and effect.

■ The second and separate rule is that defendants who fail to challenge a statute later held unconstitutional are held to have waived the constitutional right affected by the statute. *State v. Hamm*, 423 N.W.2d 379, 386 (Minn.1988).

We fully understand that the statute that authorized the six-person jury has been on the books for over 15 years and that many trials and convictions have been had thereunder. We are, therefore, compelled to address the ramifications of our decision on those convictions. Our answer is that one's constitutional rights can be waived. [citations omitted]. Those defendants who have not previously raised the issue, as has the defendant in this case, are deemed to have waived the objections to a six-person jury.

Furthermore, we are convinced that our decision in this case should be applied prospectively. In *State v. Olsen*, 258 N.W.2d 898, 907 n. 15 (Minn.1977), we cited with approval various United States Supreme Court cases which set forth a test for determining whether a decision should be applied prospectively. We adopt the criteria set forth in those cases and hold that the criteria have been met in this case.

*Id.* Thus, a constructive waiver rule became available as an alternative to the "never enacted" rule.

The supreme court used the constructive waiver rule to make *Baker* prospective only:

Finally, the state requests that our decision be applied prospectively. Generally, court rulings [of unconstitutionality] are given retroactive effect. However, we have given our rulings prospective effect in a number of criminal cases.

* * * * [citing *Hamm* ].

Our analysis of the enhanced gross misdemeanor statutes closely tracks

*Hamm's* reasoning. \* \* \* Defendants already tried under the enhanced gross misdemeanor statutes who did not contest the constitutionality of the statutes have waived their objections. Our decision shall apply prospectively to currently pending cases brought under the enhanced gross misdemeanor statutes in which the constitutionality of the statutes has been challenged.

*Baker,* 590 N.W.2d at 640.[1]

*Baker* mentions neither the "never enacted" rule nor automatic revival of the predecessor statute. Thus, we have no reason to believe that either has been nullified or overruled. We therefore conclude that the never enacted/automatic revival rules apply and respondent was lawfully charged under a predecessor statute that had revived upon the supreme court's decision in *Baker.*

Respondent argues that a superceded statute is revived only if the superceding amendment is declared retroactively unconstitutional and that, because *Baker* applied only prospectively, the enhanced gross misdemeanor statute did come into existence and was applied to many defendants. But according to *Baker,* these defendants constructively waived their rights to complain of the unconstitutional effect of the statute. *See id.*

## 2. Due Process

▮▮▮ While neither party addressed this issue, we are mindful that due process requires that a statute provide adequate notice, which may be impaired when a criminal statute revives by operation of law. Our research, however, has disclosed no case holding that a statutory revival of the type at issue violates due process. The apparently unanimous view of the jurisdictions addressing the problem is that a revival is lawful and does not violate due process when the loss of constitutionally invalid statutory language would otherwise result in an intolerable hiatus in the law. *See, e.g., Ross v. Goshi,* 351 F.Supp. 949, 954 (D.Hawai'i 1972) (unconstitutional ordinance selectively prohibiting political signs revived the predecessor statute); *Kwik Shop, Inc. v. City of Lincoln,* 243 Neb. 178, 498 N.W.2d 102, 109 (1993) (unconstitutionally vague statutory scheme governing liquor licensing revived the predecessor statute); *Communications Workers of America v. Florio,* 130 N.J. 439, 617 A.2d 223, 236 (1992) (unconstitutional mandatory language in an appropriations act revived earlier permissive language); *Concerned Business & Property Owners of DeSoto, Inc. v. DeSoto Parish School Bd.,* 531 So.2d 436, 443–444 (La.1988) (unconstitutional local and special law authorizing school districts to incur bonded indebtedness revived predecessor statute).

Numerous states have explicitly applied the same rule of law to revive criminal statutes temporarily superceded by unconstitutional language. *See, e.g., State v. Bloss,* 64 Haw. 148, 637 P.2d 1117, 1130 (Haw.1981) (unconstitutional criminal ordinance regulating commercial speech reinstated predecessor ordinance), *cert. denied,* 459 U.S. 824, 103 S.Ct. 56, 74 L.Ed.2d 60 (1982); *B.H. v. State,* 645 So.2d 987, 996 (Fla.1994) (juvenile criminal conviction under a revived statute is not violative of due process), *cert. denied,* 515 U.S. 1132, 115 S.Ct. 2559, 132 L.Ed.2d 812 (1995); *State v. Clark,* 367 N.W.2d 168, 169 (N.D.1985) (unconstitutional amendment to a "bad check" statute revived the predecessor statute); *State v. Driver,* 598 S.W.2d 774, 776 (Tenn.1980) (unconstitutional amendment to a securities fraud

---

1. In a footnote, the supreme court cited other cases where unconstitutionality rulings were given prospective or limited retroactive effect: *Ascher v. Comm'r of Pub. Safety* 519 N.W.2d 183 (Minn.1994) (limited retroactive application of sobriety checkpoint unconstitutionality); *Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828 (Minn.1991) (unconstitutionality of statute denying motorist right to consult attorney prospectively applied) and *McDonnell v. Comm'r of Pub. Safety,* 473 N.W.2d 848 (Minn.1991) (companion case to *Friedman* ). *Baker,* 590 N.W.2d at 640 n. 19.

statute left the former act in "full force and effect"); *Clark v. State,* 287 A.2d 660, 664 (Del.1972) (conviction under a valid predecessor statute affirmed where a subsequent amendment was declared unconstitutional), *cert. denied,* 409 U.S. 812, 93 S.Ct. 139, 34 L.Ed.2d 67 (1972); *State v. Clayton,* 233 La. 972, 99 So.2d 312, 315 (1957) (unconstitutional penalty provision pertaining to the issuance of worthless checks revived the predecessor penalty provision). Other states have likewise applied revival in matters directly related to the enforcement of criminal laws, including procedural matters and forfeiture proceedings. *See, e.g., People v. Gersch,* 135 Ill.2d 384, 142 Ill.Dec. 767, 553 N.E.2d 281, 283–84 (1990) (unconstitutional amendment giving the state the right to a jury trial over a defendant's waiver revived the valid predecessor statute); *Shults v. State,* 696 S.W.2d 126, 132 (1985) (unconstitutional amendment governing the time period within which the state is required to file a notice of seizure and forfeiture revived the valid predecessor statute).

Analogous United States Supreme Court decisions also support the revival rule. *See, e.g., Frost v. Corporation Comm'n,* 278 U.S. 515, 527–28, 49 S.Ct. 235, 239–40, 73 L.Ed. 483 (1929); *Norton v. Shelby County,* 118 U.S. 425, 439–42, 6 S.Ct. 1121, 1124–25, 30 L.Ed. 178 (1886). Given the overwhelming weight of authority throughout the United States, we conclude that revival of the superceded statute before us does not interfere with due process of law.

### 3. Lenity

■ Respondent also argues that under the unusual circumstances of this case, the rule of lenity requires a determination in his favor. *State v. Orsello,* 554 N.W.2d 70, 74 (Minn.1996) (" '[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity' towards the defendant."). But respondent's case does not concern an ambiguous statute; it involves the effect of holding a statute un-

constitutional. Thus, the rule of lenity is not implicated.

## DECISION

The state lawfully charged respondent with gross misdemeanor DWI under a revived statute; the district court erred in dismissing the charges. We reverse and remand for trial.

**Reversed and remanded.**