STATE of Minnesota, Respondent,

v.

Joen SANCHEZ–SANCHEZ, Appellant.

No. C0–02–1044.

Court of Appeals of Minnesota.

Dec. 10, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Ann B. McCaughan, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge,
SCHUMACHER, Judge, and
KLAPHAKE, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Joen Sanchez–Sanchez claims the district court erred in sentencing her to 54 months following her guilty plea to the crime of child endangerment, an upward departure of four-and-one-half times the presumptive sentence under the sentencing guidelines. We reverse and remand.

## FACTS

On September 11, 2001, Sanchez was providing daycare for B.E. in her own home. She claims that while she was carrying B.E., she either dropped him or he hit his head on something. Soon after, B.E. began vomiting and had difficulty breathing. Sanchez picked B.E. up and shook him violently. When the child did not respond, Sanchez laid him on the bed and began mouth-to-mouth resuscitation. Sanchez eventually called 911. The emergency personnel responded and resuscitated B.E., but he suffered permanent brain damage.

Sanchez acknowledged that she knew better than to shake a child, and she admitted knowing she took a serious risk in doing so. Sanchez was charged with first-degree assault and, against the advice of

her attorney, agreed to plead guilty. At the plea hearing, however, the district court rejected the assault plea after hearing Sanchez's explanation of what happened. The court stated that Sanchez was claiming she made a grave mistake, but that she did not act with the intent to injure the child.

The state then amended the complaint, adding a charge of child endangerment. This felony charge carries a penalty of up to 60-months imprisonment. Minn.Stat. § 609.378 subd. 1(b)1 (2000). The amended charge alleged that Sanchez either intentionally or recklessly caused the child to be in a dangerous situation and the endangerment resulted in substantial harm to the child. The court informed Sanchez:

> If you plead guilty to [child endangerment], we will have a sentencing hearing after a guilty plea in several weeks, and I will hear whatever you have to say, whatever [the state] has to offer, whatever your attorneys have to offer. And I make you no promises. You may, in fact, go to prison for 60 months, it may be less. I don't know.

Defense counsel informed Sanchez of the consequences of a guilty plea on the endangerment charge. After defense counsel told Sanchez she could be sentenced to between 0 and 60 months at the discretion of the court, the state interjected:

> [Prosecutor]: I just have something to add at this point, since that is not correct. This is an agreement between the court and [Sanchez]. It is the position of the state that the agreement was Endangerment for 60 months. The court is exercising its discretion to accept the plea to Endangerment and to determine the exact amount of time to impose at the time of sentencing after

the pre-sentence investigation. So I think that is correct, you honor.

The court then discussed the precise language of the written plea agreement:

> [W]hat I've written in is, new Endangerment of a Child—the question is "I've been told by my attorney and understand and acknowledge (a) that my attorney discussed this case with one of the prosecuting attorneys and they agreed that if I entered a plea of guilty, the prosecutor will do the following." And what's written in is "new Endangerment of a Child, felony, 60 months; however, the court may exercise its discretion at sentencing and impose less than 60 months." And I've initialed it * * *.

The court had Sanchez acknowledge that the child suffered substantial bodily harm and that he is permanently brain-damaged. The court also had Sanchez acknowledge that her conduct in shaking the child was reckless.

On April 4, 2002, the court reconvened to sentence Sanchez. Defense counsel argued to the court that the incident was primarily an accident, and although Sanchez acted recklessly she never actually intended to injure the child but instead had attempted to save the child, even though her choice of methods was very poor.

After Sanchez stated her remorse for causing the injuries, reiterated that she did not mean to harm the child, and asked for forgiveness, the court stated:

> I am aware that the presumptive sentence for a person like yourself who has no prior convictions of any kind is one year and one day, stayed, for felony Endangerment of a Child. Because of the circumstances of *this negotiated plea* and the reduction of the charge from Assault in the First Degree to felony Endangerment of a Child, and the very,

very terrible injuries to the child, [the state] and your attorneys agreed to a 60–month sentence, with the possibility that [defense counsel] could talk me into less, and what I in fact said at your guilty plea—and I'm reading from the transcript—is, you recall we put into your guilty plea petition that you were pleading to a new Endangerment of a Child felony, 60 months; "However, the court may exercise its discretion at sentencing to impose less than 60 months." * * *.

* * * *

I have considered it. I know this is a first offense. It is of an incredible magnitude, however, and I do accept that you are very remorseful. I appreciate that. The problem is that [the child] will spend a lifetime with, we know, very significant mental and physical deficits. * * *.

Having taken all of this into consideration, I do intend to impose a 54–month sentence, which gives the benefit of my discretion in reducing the 60–month sentence based upon the fact that I do understand your remorse, and you have no prior convictions.

(Emphases added.) The court then sentenced Sanchez to 54 months, an upward departure of four-and-one-half times the presumptive sentence.

## ISSUE

1. Is a case "pending" when a sentence has already been imposed, but the time for direct appeal has not expired?

2. Did the district court err in sentencing Sanchez to 54 months for the crime of child endangerment, an upward departure of four-and-one-half times the presumptive sentence without citing severe aggravating circumstances?

## ANALYSIS

■ 1. The parties disagree as to the applicability of the supreme court's decision in *State v. Misquadace*, 644 N.W.2d 65 (Minn.2002). *Misquadace* held that a sentencing court cannot rely on the parties' plea agreement as the sole reason for a departure from the presumptive sentence under the guidelines. *Id.* at 72. Instead, the sentencing court must, on the record, cite to aggravating or mitigating circumstances justifying the departure despite the parties' agreement as to the sentence to be imposed. *Id. Misquadace* specifically limited its holding and application to "pending and future cases." *Id.* at 72.

■ The state contends that Sanchez's appeal does not fall within the *Misquadace* purview because Sanchez had already been sentenced when the supreme court's opinion was released. We disagree. Although Sanchez had already been sentenced, the time for a direct appeal had not yet expired when *Misquadace* was filed. Sanchez initiated her direct appeal soon thereafter in a timely manner and challenged the sentence. We believe that Sanchez's appeal falls within the supreme court's intended meaning of a "pending" case. *See generally Baker v. State*, 590 N.W.2d 636, 640 (Minn.1999) (holding that prospective ruling that statute defining offense violated right to twelve-person jury did not apply to defendants already tried who had not challenged the statute). Thus, Sanchez's sentence must be reviewed in light of *Misquadace*.

■ 2. A district court's decision to depart from the guidelines is reviewed under an abuse of discretion standard. *State v. Schmit*, 601 N.W.2d 896, 898 (Minn. 1999). When a district court departs from the presumptive sentence, it must articulate substantial and compelling circumstances justifying the departure. *Id.* Generally, when deciding whether to depart,

the district court must decide whether the defendant's conduct was "significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Broten*, 343 N.W.2d 38, 41 (Minn.1984).

■ If no reasons supporting the departure are stated on the record, the departure is not allowed; if reasons are stated, but are improper or inadequate, this court will affirm the departure nonetheless if the record contains valid and sufficient reasons to support the departure. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985). "Generally, when aggravating circumstances are present, the upper limit on a durational departure is double the Sentencing Guidelines maximum presumptive sentence duration." *State v. Glaraton*, 425 N.W.2d 831, 834 (Minn.1988) (citation omitted). Severe aggravating circumstances, however, may justify a sentence of greater than double the presumptive. *Id.*

■ The district court referenced the presumptive sentence for child endangerment given Sanchez's criminal history score of zero at the time of sentencing but focused on the 60–month sentence to which the parties agreed. Although the court did reference the presumptive sentence and the child's extreme injuries, the majority of the court's comments indicate that it would be making a determination as to whether circumstances existed warranting a downward departure from the parties' negotiated sentence. We believe this violates the supreme court's decisions dealing with sentencing when deciding whether to impose the presumptive sentence under the guidelines or to depart from the presumptive sentence. *See, e.g., Misquadace*, 644 N.W.2d at 72 (sentencing court must list reasons for departing from presumptive sentence); *State v. Schmit*, 601 N.W.2d 896, 898 (Minn.1999) (sentencing

court "must articulate substantial and compelling reasons" justifying departure from presumptive sentence under guidelines); *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) (unless district court finds substantial and compelling circumstances warranting departure from presumptive sentence, court is to order presumptive sentence).

■ The sentence amounts to an upward departure of four-and-one-half times the presumptive sentence. Although such a sentence is not necessarily unreasonable, the district court must articulate not only aggravating circumstances, but severe aggravating circumstances to justify such an extraordinary departure. *Glaraton*, 425 N.W.2d at 834. Therefore, we reverse and remand for resentencing pursuant to the supreme court's directive in *Misquadace*.

## DECISION

The district court erred in sentencing Sanchez to a four-and-one-half times upward departure without citing unequivocally the severe aggravating factors on which it relied.

**Reversed and remanded.**