**STATE of Minnesota, Respondent,**

v.

**Aldo Acosta DOMINGUEZ, Appellant.**

No. C6–02–1159.

Court of Appeals of Minnesota.

June 24, 2003.

Mike Hatch, Attorney General, St. Paul, MN and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

Bradford Colbert, St. Paul, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge, TOUSSAINT, Chief Judge, and MINGE, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Aldo Acosta Dominguez was found guilty of kidnapping after submitting to a trial on stipulated facts under Minn. R.Crim. P. 26.01, subd. 3. Dominguez appeals his conviction, arguing that because the district court did not make any findings with regard to his intent to commit a felony after having confined or restrained the victims, the evidence was insufficient to support his conviction. Dominguez also alleges that the district court abused its discretion by imposing an upward sentencing departure.

## FACTS

E.P. and L.H. were taken from their car at gunpoint in the early morning hours as they returned home from a party. They were forced into a car with three Spanish-speaking men and were eventually driven to a park where two additional Spanish-speaking men, who presumably drove E.P.'s car to the location, joined the group. E.P. and L.H. were forced at gunpoint to kneel on the ground and the men demanded the women's cash and credit cards. Two of the men then led L.H. away. The three remaining men forced E.P into her own car. In the car, one of the men kissed E.P. and put his arm around her. At a location near Hidden Beach, E.P. was forced out of the car and two of the men attempted to take her into the woods. E.P. was able to escape and call the police. The police found appellant Aldo Acosta Dominguez and Jesus Flores–Acosta at the location near Hidden Beach, sitting in E.P.'s car with a sawed-off shotgun. E.P. identified Dominguez and Flores–Acosta as the two men who attempted to take her into the woods. The other men involved in the crime were never identified.

Dominguez and Flores–Acosta were charged with (1) aiding and abetting the kidnapping of L.H.; (2) kidnapping E.P.; (3) first-degree aggravated robbery of L.H.; (4) first-degree aggravated robbery of E.P.; (5) attempted first-degree criminal sexual conduct; and (6) theft of a motor vehicle. Under an agreement, the charges were amended to one count of aiding and abetting the kidnapping of both victims. Dominguez and Flores–Acosta waived their rights to a jury trial and agreed to a court trial on stipulated facts under Minn. R.Crim. P. 26.01, subd. 3. The state agreed to a sentencing cap of 60 months. The district court found Dominguez and Flores–Acosta guilty of the amended kidnapping charge and imposed a 60–month sentence, which represents a 24 month upward departure from the sentencing guidelines. Dominguez filed this appeal.[1]

---

1. Flores–Acosta has appealed separately. *See State v. Flores–Acosta* No. C4–02–1161, 2003 WL 21263977 (Minn.App.Jun.3, 2003).

## ISSUES

1. Is an appellate court limited to an examination of the district court's explicit findings when reviewing the sufficiency of the evidence for a conviction after a trial on stipulated facts?

2. Did the district court abuse its discretion by imposing an upward sentencing departure?

## ANALYSIS

### 1. Sufficiency of the findings

■ Dominguez argues that because this case was tried on stipulated facts, and the application of law to stipulated facts is a question of law, review is de novo. *State v. Bunde*, 556 N.W.2d 917, 918 (Minn.App. 1996) (stating that district court's application of statutory criteria to facts as found is a question of law subject to de novo review). Dominguez then asserts that we are limited to a

> review de novo [of] the trial court's findings of fact to determine if, as a matter of law, they are sufficient to establish the crime of kidnapping.

We disagree. In reviewing a sufficiency of the evidence claim, we review the record in the light most favorable to the conviction, whether the case is tried to a jury or a judge. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989); *State v. Cox*, 278 N.W.2d 62, 65 (Minn.1979).

At oral argument, counsel for Dominguez conceded that there may be evidence in the record to support the conviction, but he continued to focus narrowly on the sufficiency of the district court's findings to support his conviction. Dominguez has ignored Minn. R.Crim. P. 26.01, subd. 2, which provides that in the case of a trial without a jury

> [i]f the court omits a finding on any issue of fact essential to sustain the general finding, it shall be deemed to have

made a finding consistent with the general finding.

We therefore reject Dominguez's narrow focus on the adequacy of the district court's findings because it is without merit and, instead, examine the entire record to determine whether there is sufficient evidence to support the conviction. *See Webb*, 440 N.W.2d at 430 (stating that review of claim of insufficient evidence is limited to careful analysis of record to determine whether evidence, when viewed in light most favorable to conviction, is sufficient to allow the fact-finder to reach the verdict that it did).

■ Dominguez argues that there is insufficient evidence in the record to sustain a conviction for aiding and abetting the kidnapping of L.H. To convict an individual of aiding and abetting, the state need only prove passive acquiescence or inaction and not active participation in the primary offence. *State v. Dominguez–Ramirez I*, 563 N.W.2d 245, 257 (Minn.1997). Convictions based on circumstantial evidence "must point unerringly to the accused's guilt." *State v. Scharmer*, 501 N.W.2d 620, 622 (Minn.1993) (citation omitted).

■ The district court found that Dominguez is one of the three men who led E.P. away from the location where the women were forced to kneel on the ground while they were robbed. Five men were at the scene of the robbery. The record establishes that three men were in the car that abducted E.P. and L.H. from the apartment building parking lot and that others involved drove E.P.'s car to the scene of the robbery. The record therefore supports a finding that Dominguez was involved in the original abduction of the women from E.P.'s car. And Dominguez did nothing to prevent two of the men from taking L.H. away from the scene of

the robbery. If a person has a knowing role in the commission of a crime and takes no steps to prevent it, the finder of fact may properly infer the necessary intent for aiding and abetting. *State v. Ostrem,* 535 N.W.2d 916, 924 (Minn.1995). The evidence in the record supports a finding that Dominguez aided and abetted the kidnapping of L.H.

■ Dominguez next argues that the district court did not make a finding that any of the men who took E.P. from the scene of the robbery intended to commit criminal sexual conduct. But evidence in the record shows that either Dominguez or Flores–Acosta was kissing and hugging E.P. in the car; the unidentified third abductor told E.P. that Dominguez and Flores–Acosta wanted to have sex with her, and Dominguez and Flores–Acosta were attempting to force E.P. into a secluded, wooded area just before she was able to escape. A kidnapping conviction only requires that the kidnapper confine or transport a victim to *facilitate the commission* of the desired felony; completion of the felony is not required. Minn.Stat. § 609. 25, subd. 1(2) (2002). Intent can be logically inferred from the totality of the circumstances. *State v. Raymond,* 440 N.W.2d 425, 426 (Minn.1989). We conclude that evidence in the record supports a finding that Dominguez transported E.P. for the purpose of criminal sexual conduct.

2. Sentencing

■ A sentencing court has discretion to depart from the sentencing guidelines only when aggravating or mitigating factors are present. *State v. Spain,* 590 N.W.2d 85, 88 (Minn.1999). The district

court must order the presumptive sentence unless there are "substantial and compelling circumstances" that warrant departure. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). Generally, when considering an upward departure, the district court must "decide whether the defendant's conduct was significantly more or less serious than that typically involved in commission of the crime in question." *State v. Sanchez–Sanchez,* 654 N.W.2d 690, 693–94 (Minn.App.2002) (citation and quotation omitted). Absent an abuse of discretion, departure from a presumptive sentence will not be overturned. *Spain,* 590 N.W.2d at 88.

■ The factors that the district court deemed substantial and compelling enough to warrant departure in this case were (1) the multiple victims; (2) the trauma the victims suffered; and (3) the length of the ordeal. Dominguez argues that the district court's reliance on the length of the ordeal and the trauma to the victims does not constitute an aggravating factor in this case because there is no evidence that either factor is greater than that suffered in other kidnappings. But Dominguez admits that multiple victims is a legitimate aggravating factor sufficient to support an upward departure. *See State v. Murphy,* 545 N.W.2d 909, 917 (Minn.1996). And the district court only needs one valid basis to support an upward departure. *See State v. Jeno,* 352 N.W.2d 82, 85 (Minn.App. 1984). We have rejected Dominguez's claim that he cannot be linked to the kidnapping of L.H., therefore the district court did not abuse its discretion by imposing a limited upward departure based on multiple victims.[2]

---

2. We note that a factor not cited by the district court that would support the departure is the fact that Dominguez committed the crime as part of a group of three or more persons who all actively participated in the crime.

*Sentencing Guidelines* II.D.(10). *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) (stating that even if reasons cited for departure are inadequate or improper, if there is

## DECISION

There is sufficient evidence in the record to support Dominguez's conviction for kidnapping both victims and the district court is deemed to have made findings on issues of fact essential to sustain its general verdict of guilty. The district court did not abuse its discretion by imposing a limited upward departure from the sentencing guidelines.

**Affirmed.**

sufficient evidence in record to justify departure, departure should be affirmed).