*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0832**

State of Minnesota,
Respondent,

vs.

Timothy Andrew Swan,
Appellant.

**Filed February 29, 2016
Affirmed
Stauber, Judge**

McLeod County District Court
File No. 43CR14632

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Glencoe, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from his conviction of and sentence for first-degree criminal sexual conduct, appellant argues that (1) his conviction must be reversed because the statute of limitations expired before the state filed a criminal complaint; (2) the evidence was

insufficient to sustain his conviction; and (3) the district court abused its discretion by denying his motion for a downward dispositional departure. We affirm.

## FACTS

Appellant Timothy Swan became romantically involved with M.M., who had seven children, including two daughters, T.C., born on December 21, 1988, and N.C., born on August 8, 1990. In 2002, the McLeod County Sheriff's Department received and investigated a report of "possible inappropriate touching" involving appellant and T.C. and N.C. That investigation, however, did not precipitate formal charges. Two years later, after the family moved to Lester Prairie, the McLeod County Sheriff's Department received a second report of alleged sexual abuse involving T.C. and N.C. N.C. reported that appellant walked around the house naked, touched her inappropriately, and forced her to sexually stimulate his genitals; there were no allegations of penetration. But after speaking with appellant, T.C., and another sister, all of whom refuted N.C.'s allegations, the investigator concluded that no criminal act occurred, and no charges were filed.

In September 2004, the family moved to Pierce County, Wisconsin. A few months later, in February 2005, the biological father of T.C. and N.C. contacted the Pierce County Sheriff's Office and reported that he was concerned that appellant was sexually inappropriate with his daughters. In a follow-up interview, N.C. alleged the same conduct that she reported in 2004. N.C. again, however, did not allege any acts of penetration. Although no formal charges were filed in connection with the 2005 report, M.M. separated from appellant as a result of the allegations.

2

In December 2013, the Pierce County Sheriff's Office received another report from N.C. and T.C.'s biological father. He claimed that T.C., now an adult, had informed him that appellant sexually abused her many years earlier. Law enforcement subsequently interviewed T.C., who claimed that appellant would repeatedly walk around the house naked, take his clothes off in front of her, and make her videotape him in the shower while he masturbated.

Wisconsin law enforcement continued the investigation by again interviewing N.C. in February 2014. According to N.C., appellant would inappropriately touch himself in front of her, forced her to sexually stimulate his genitals on at least one occasion, and made her insert an object into his anus. Law enforcement then interviewed appellant, who admitted that on two or three occasions while living in Lester Prairie he directed N.C. to insert the object into his anus.

Because the alleged conduct occurred in McLeod County, Minnesota, the case was referred to respondent McLeod County, which charged appellant with first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(b) (2002). Appellant moved to dismiss on the ground that the charge was barred by the statute of limitations. The district court denied the motion, concluding that the complaint was filed within the statute of limitations period. The district court also concluded that even if the complaint was not filed within the limitations period, the statute of limitations period was tolled when appellant left Minnesota in September 2004 to reside in Wisconsin.

Appellant waived his right to a jury trial and proceeded with a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3. The district court found appellant guilty of the

charged offense. The district court then denied appellant's motion for a downward dispositional departure and sentenced appellant to 144 months in prison. This appeal followed.

**D E C I S I O N**

**I.**

Appellant challenges the district court's conclusions that (1) the complaint was filed within the statute-of-limitations period and (2) even if the complaint was not filed within the statute-of-limitations period, the statute-of-limitations period was tolled when appellant left Minnesota and began residing in Wisconsin. This court reviews de novo the construction and application of a statute of limitations. *State v. Carlson*, 845 N.W.2d 827, 832 (Minn. App. 2014), *review denied* (Minn. June 17, 2014).

Minnesota law provides that when a victim of first-degree criminal sexual conduct is under the age of 18, the complaint must be filed "within the later of nine years after the commission of the offense or three years after the offense was reported to law enforcement authorities." Minn. Stat. § 628.26(e) (2014). This limitations period excludes "any period of time during which the defendant was not an inhabitant of or usually resident within this state." Minn. Stat. § 628.26(l) (2014). The purpose of a statute of limitation is threefold: (1) to protect defendants from defending themselves against crimes when the facts "may have become obscured"; (2) to minimize the danger of official punishment for acts in the distant past; and (3) to encourage law enforcement to properly investigate suspected criminal activity. *State v. Danielski*, 348 N.W.2d 352, 355 (Minn. App. 1984), *review denied* (Minn. July 26, 1984).

4

Here, N.C. reported in February 2005, that appellant was sexually abusing her, but the state did not file a complaint until April 2014. Nonetheless, the district court found that, unlike the prior reports of sexual abuse, which contained no allegations of penetration, the factual basis for the current first-degree criminal-sexual-conduct offense was not reported until April 2014, when N.C. alleged "penetration resulting from the insertion of [an object] into [appellant's] anus." The district court concluded that because penetration was not alleged until April 2014, the complaint was filed within the statute of limitations period.

Appellant argues that "[b]ecause the conduct alleged in N.C.'s 2014 statement was part and parcel of the conduct she described to law enforcement and human services professionals in 2004 and 2005, it was not a new offense." Thus, appellant argues that his conviction must be reversed because the complaint was untimely.

The argument raised by appellant requires the construction of section 628.26(e). "The objective of statutory interpretation is to ascertain and effectuate the Legislature's intent." *State v. Struzyk*, 869 N.W.2d 280, 284 (Minn. 2015). "If the Legislature's intent is clear from the statute's plain and unambiguous language, then [appellate courts] interpret the statute according to its plain meaning without resorting to the canons of statutory construction." *Id.* at 284-85 (quotation omitted).

Minn. Stat. § 628.26(e) (2014) provides:

> Indictments or complaints for violation of sections 609.342 to 609.345 if the victim was under the age of 18 years at the time the offense was committed, shall be found or made and filed in the proper court within the later of nine years after

5

the commission of the offense or three years after the offense was reported to law enforcement authorities.

The plain language of section 628.26(e) refutes appellant's claim that the conduct reported by N.C. in 2005 was sufficient to trigger the statute of limitations and bar the complaint filed by the state in April 2014. The plain language of Minn. Stat. § 628.26(e) focuses on "*the offense* [that] was reported to law enforcement authorities." (Emphasis added.) "The definite article 'the' is a word of limitation that indicates a reference to a specific object." *State v. Hohenwald*, 815 N.W.2d 823, 830 (Minn. 2012). Thus, as the district court found, the term "the offense" plainly refers to the conduct involving each particular offense listed in the complaint; it does not refer to general conduct.

Here, appellant was charged with first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(b). An element of that offense is sexual penetration. *See id.* Although N.C. reported in February 2005 that appellant engaged in inappropriate sexual conduct, N.C. did not allege that appellant engaged in acts involving sexual penetration until February 2014, when she reported that appellant forced her to insert an object into his anus. It was this act of penetration that formed the basis for the complaint. Because the act of penetration formed the basis for the complaint, and that act was not reported until February 2014, the district court did not err by concluding that the complaint was filed within the statute of limitations period. And because we conclude that the complaint was filed within the statute of limitations period, we need not address appellant's argument that the statute of limitations was not tolled under Minn. Stat.

§ 628.26(1) because, even though he moved to Wisconsin in September of 2004, "he remained 'usually resident' in Minnesota by working there."

**II.**

Appellant next argues that the evidence was insufficient to sustain his conviction. On an appeal following a stipulated-facts trial, the reviewing court is not limited to a determination of whether the district court's findings are sufficient to establish the elements of the offense. *State v. Dominguez*, 663 N.W.2d 563, 566 (Minn. App. 2003). Instead, an appellate court is entitled to "examine the entire record to determine whether there is sufficient evidence to support the conviction." *Id.* In so doing, we review the record in the light most favorable to the conviction. *Id.*

Appellant was convicted of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(b). A conviction of this offense requires proof of the following elements: (1) sexual penetration; (2) the complainant is at least 13 years of age but less than 16 years of age; (3) the actor is more than 48 months older than the complainant; and (4) the actor is in a position of authority over the complainant. *See id.*

Appellant challenges only the second element of the offense, arguing that "the state failed to prove that N.C. was at least 13 years old at the time of the penetration." We disagree. The record reflects that N.C. did not provide the investigating deputy with specific dates as to when the penetration occurred. But, N.C. told the investigating deputy that the penetration occurred when the family lived in Lester Prairie. N.C. began residing in Lester Prairie in March 2003, and she turned 13 a few months later on August 8, 2003. The record further reflects that N.C. moved out of the home in Lester Prairie on

7

April 22, 2004. Moreover, she told investigators in 2005 that appellant first molested her when she was 10, but that the first time she was able to remember any specific details of abuse was when "she was 13." Because the details of sexual abuse that N.C. provided to investigators involved an act of penetration, and the first time she was able to remember details of any sexual abuse was when she was 13, the state proved that N.C. was at least 13 when the penetration occurred.

Appellant argues that the state did not meet its burden of proof because when N.C. made her statements in 2005, "she did not say anything about sexual penetration"; instead, the allegations of penetration were not made until February 2014, long after she made her statements in 2005. We acknowledge that the evidence on the challenged element is not overwhelming. But, it is well settled that in considering a sufficiency of evidence claim, we view the evidence in the light most favorable to the verdict and defer to the district court determinations of fact. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). Viewing the evidence in the light most favorable to the verdict, N.C.'s statement in 2005 that she was unable to remember specifics about the abuse until she turned 13, and her allegations of sexual penetration that were made in 2014, are sufficient to establish that the penetration occurred after N.C. turned 13. The district court construed these statements to mean that the penetration occurred after she turned 13, and the district court's verdict is entitled to deference. *See Webb*, 440 N.W.2d at 430. Accordingly, there is sufficient evidence to sustain appellant's conviction of first-degree criminal sexual conduct.

## III.

This court affords a district court "great discretion in the imposition of sentences and reverse[s] sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). The district court exercises its discretion by "deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). Only in a "rare case" will we reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

A district court must impose a presumptive sentence unless substantial and compelling circumstances exist. *Soto*, 855 N.W.2d at 308. A sentencing court may depart "*only* if aggravating or mitigating circumstances are present." *Id.* (quotation omitted). "Although the [district] court is required to give reasons for departure, an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence." *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). Moreover, this court "may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Id.*

Appellant claims that he was particularly amenable to probation because he "had no prior felony convictions, he was a low risk to reoffend, he had been gainfully employed in the community for the past ten years, he took responsibility for his offense, and [he] opted to have a trial on stipulated [facts] rather than require N.C. to testify." Appellant contends that because the district court did not "carefully consider these

9

factors" when it denied his motion for a downward dispositional departure, the matter must be remanded for resentencing.

Appellant's argument is without merit. The district court is not obligated to depart even if mitigating factors are present. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). Thus, even if appellant established mitigating factors, the district court was under no obligation to depart. Moreover, the district court stated on the record that it "carefully" looked at the pre-sentence investigation, the psychosexual evaluation, and appellant's sentencing memorandum. The district court also stated that it "listened carefully" to the arguments made by appellant's counsel. But the district court found that it did "not believe that there are compelling reasons for this court to depart." The record reflects that the district court carefully evaluated all of the testimony and information presented before making its determination. This is not the rare case in which the district court abused its discretion by imposing the presumptive sentence.

**Affirmed.**