STATE of Minnesota, Respondent,

v.

Scott James SCHMIT, Appellant.

No. C4–98–1509.

Supreme Court of Minnesota.

Oct. 28, 1999.

## OPINION

PAGE, Justice.

On May 12, 1997, appellant Scott James Schmit was charged with two counts of criminal sexual conduct in the first degree for allegedly sexually assaulting his stepdaughter, K.A.T. In October 1997, Schmit pleaded guilty to one count of criminal sexual conduct in the first degree for the sexual assault of K.A.T. and in return, the other count was dismissed. Sentencing was scheduled for December 8, 1997, but was continued pending resolution of a new charge of criminal sexual conduct in the first degree that was filed against Schmit on December 2, 1997. This new charge was for Schmit's alleged sexual assault of K.A.T.'s friend, A.M.H. Schmit's trial on the A.M.H. charge began on February 17, 1998, but ended in a mistrial. A retrial of the A.M.H. charge was scheduled for May 19, 1998. However, on May 19, before the retrial began, Schmit, over the state's objection, reached a plea agreement with the district court. The agreement called for Schmit to receive an executed 86–month sentence for the offense involving K.A.T. and a concurrent 86–month sentence for the offense involving A.M.H. Schmit's plea was formally accepted on May 20, 1998 and he was immediately sentenced according to the agreement and placed in the custody of the Commissioner of Corrections.

Ninety days after sentencing, the state filed a sentencing appeal pursuant to Minn. R.Crim. P. 28.05, arguing that (1) the district court improperly injected itself into the plea negotiation process; (2) the district court abused its discretion in accepting an *Alford* plea [1]; and (3) the imposition of an 86–month concurrent sentence for the offense involving A.M.H. was an improper downward departure under the sentencing guidelines. The court of appeals agreed that the district court was impermissibly involved in negotiating Schmit's guilty plea and vacated Schmit's conviction and remanded to the district court. Because it vacated Schmit's conviction, the court of appeals did not address the issues relating to the *Alford* plea and sentencing. We conclude that the court of appeals erred in vacating Schmit's conviction. Further, we conclude that the district court abused its discretion in sentencing Schmit to a concurrent term of 86 months for the offense involving A.M.H. Therefore, in addition to reversing the court of appeals and reinstating Schmit's conviction, we remand to the district court for resentencing.

The relevant facts are as follows. After Schmit's first trial for the alleged sexual assault of A.M.H. ended in a mistrial, a retrial was scheduled for May 19, 1998. On the morning of May 19, the parties met with the district court judge in chambers to discuss, among other things, the possibility of reaching a plea agreement. However, no agreement was reached. Later that morning, during discussions in the courtroom, the district court, on its own initiative, indicated that it was considering whether to accept an *Alford* plea to the offense involving A.M.H. The district court indicated if it did, it would sentence Schmit to an executed 86–month prison term for the offense involving K.A.T. and a concur-

1. *See State v. Goulette,* 258 N.W.2d 758 (Minn.1977) (adopting *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)) (allowing a defendant to plead guilty based on the weight of the evidence without admitting actual guilt).

rent 86–month executed prison term for the offense involving A.M.H. The district court acknowledged that the sentence proposed for the offense involving A.M.H. would be a downward departure from the sentencing guidelines. The state objected to the proposed plea agreement.

During a break, the district court reviewed Schmit's psychological report and his presentence investigation. The district court also consulted with the judge who accepted Schmit's plea for the offense involving K.A.T. When court reconvened, the district court informed Schmit and the state that it would accept Schmit's plea on the terms discussed earlier.

The state objected and made clear that it believed that the district court had overstepped its authority in offering Schmit the plea arrangement over the state's objections. The state also clarified that its offer to Schmit was that he would plead guilty and agree to a prison sentence in the 93–to–103–month range with both the state and Schmit permitted to argue to the court the length of the sentence within that range. The district court proceeded to conduct the plea hearing but did not formally accept Schmit's plea. The plea was formally accepted over the state's objection the next day and Schmit was immediately sentenced to two concurrent 86–month prison terms.

## I.

■■■ Schmit contends that the court of appeals erred when it vacated his convic-

tion for the offense involving A.M.H. We agree. The facts indicate that Schmit pleaded guilty to and was therefore convicted of the only offense charged and that the state did not challenge Schmit's conviction as part of its appeal to the court of appeals[2]. As a result, we conclude that the state's appeal to the court of appeals raised only sentencing issues, resolution of which did not implicate the validity of Schmit's conviction.[3] Therefore, it was error for the court of appeals to vacate Schmit's conviction for the offense involving A.M.H.

## II.

We turn next to the sentencing issues raised by this appeal. We conclude that the district court abused its discretion when it sentenced Schmit to the concurrent term of 86 months in prison for the offense involving A.M.H. because that sentence was a downward departure from the sentencing guidelines and the record contains no substantial or compelling reasons justifying the departure.

■■■ The decision to depart from the sentencing guidelines is within the district court's discretion. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). The decision of the district court will not be disturbed absent a clear abuse of that discretion. *Id.* When a district court departs, it must articulate substantial and compelling reasons justifying the departure. Minnesota Sentencing Guidelines, II. D.

The district court first sentenced Schmit for his conviction related to the sexual

---

2. At oral argument before this court, the state conceded that the district court had authority to accept Schmit's plea to the charged offense.

3. While we conclude that the state's appeal here did not challenge the validity of Schmit's conviction, we take this opportunity to remind district court judges that a judge should neither usurp the responsibility of counsel nor participate in the plea bargaining negotiation itself. *See State v. Johnson,* 279 Minn. 209,

216, 156 N.W.2d 218, 223 (1968). The proper role of the district court is limited to determining the appropriateness of the proffered plea bargain. *See id.* The district court's "ultimate judicial responsibility" is to make reasonably certain that a defendant has not been improperly induced to plead guilty to a crime, or that a defendant is not being permitted to bargain for a plea that is excessively lenient. *See id.*

assault of K.A.T. At the time, Schmit's criminal history score was zero. The presumptive sentence for an individual with a criminal history score of zero, convicted of criminal sexual conduct in the first degree, is an executed term of 86 months. *See* Minnesota Sentencing Guidelines IV. Sentencing Guidelines Grid. That is the sentence Schmit received. Schmit's conviction for the offense involving K.A.T. gave him a criminal history score of 2. *See id.* The presumptive sentence for an individual, with a criminal history score of two, convicted of criminal sexual conduct in the first degree is an executed term of 110 months. The district court sentenced Schmit to a concurrent 86–month prison term for the offense involving A.M.H.

Schmit argues that the sentence imposed by the district court for the A.M.H. conviction did not constitute a downward departure from the sentencing guidelines because the district court was not required to use the *Hernandez* method of sentencing. *See State v. Hernandez,* 311 N.W.2d 478 (Minn.1981) (when sentencing on the same day for multiple offenses which are not part of the same behavioral incident, the court may increase a defendant's criminal history score as each sentence is imposed). In essence, Schmit contends that when the district court chose not to use the *Hernandez* method of sentencing, it was not required to include the conviction for the offense involving K.A.T. in calculating Schmit's criminal history score for the offense involving A.M.H. However, we have found nothing in the sentencing guidelines or in any of our previous cases, including *Hernandez* and its progeny, which would permit the district court, when sentencing Schmit for the offense involving A.M.H., to

simply ignore Schmit's criminal history score resulting from the conviction for the offense involving K.A.T. We therefore conclude that the concurrent 86–month sentence for the A.M.H. conviction was a downward departure.[4]

It appears that when sentencing Schmit for the A.M.H. conviction, the district court was more concerned with not going "back on the agreement" it made with Schmit than with the proper sentence based upon the facts. At sentencing the district court stated:

> I didn't do this to give him a break. Had this case gone to trial, had he been convicted of this offense, *especially after reading the testimony last night from the February trial,* he'd serve a consecutive sentence, and maybe today I would have done things differently, *but in fairness to everybody, I'm not going to go back on the agreement I made with Mr. Schmit and his attorneys yesterday.* (emphasis added).

It is clear from the district court's own words that the district court did not consider all of the available facts relating to Schmit's sexual assault of A.M.H. when it reached the "agreement" it made with Schmit. Obviously, without all of the available facts, the district court could not properly balance the departure factors set out in the sentencing guidelines. We conclude that the district court's failure to consider all of the available facts relating to Schmit's sexual assault of A.M.H. before determining Schmit's sentence was an abuse of discretion. Therefore, we remand to the district court for resentencing. In lieu of resentencing, Schmit may, because of the circumstances under which his guilty plea was obtained, withdraw his guilty plea and proceed to trial. *See gen-*

---

4. While not an issue before us, we note for purposes of clarity that had the district court ordered the two sentences to run consecutively the second 86–month sentence would not have been a downward departure. *See State*

*v. Braun,* 487 N.W.2d 232 (Minn.1992); *Cf. State v. Pittel,* 518 N.W.2d 606 (Minn.1994); *Cf. State v. Hernandez,* 311 N.W.2d 478 (Minn. 1981).

*erally State v. Garcia,* 582 N.W.2d 879 (Minn.1998); *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979).

Reversed and remanded to the district court.