STATE of Minnesota, Appellant,

v.

Keith Bernard REECE, Respondent.

No. C4-00-684.

Court of Appeals of Minnesota.

July 18, 2000.

Review Granted Aug. 22, 2000.

---

Mike Hatch, Attorney General, Hennepin County Attorney, Paul R. Scoggin, Assistant County Attorney, Minneapolis, MN (for appellant).

John M. Stuart, Minnesota State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, MN (for respondent).

Considered and decided by
SHUMAKER, Presiding Judge,
SCHUMACHER, Judge, and HARTEN,
Judge.

## OPINION

HARTEN, Judge.

The state challenges respondent's sentence, arguing that the district court did not have discretion to overlook two of respondent's four criminal history points. We reverse and remand for resentencing.

1. The district court denied both the state's motion for an upward departure and respon-

## FACTS

On October 11, 1999, a jury found respondent Keith Bernard Reece guilty of third-degree criminal sexual conduct for forcing his girlfriend's niece to engage in nonconsensual sexual penetration, a severity level VII offense. The pre-sentence investigation revealed that respondent was still on parole for a 1980 murder conviction in Texas and had a 1991 conviction for second-degree assault. Together, these facts gave him a criminal history score of four. The presumptive sentence for third-degree criminal sexual conduct based on a severity level VII offense and a criminal history score of four is 88–months' imprisonment.[1]

The district court, however, decided that "four criminal history points * * * overstate * * * [respondent's] criminal history," that "an 88–month sentence is more than is necessary to accomplish the purposes that I think sentencing needs to accomplish in this case," and that "two points rather than four would be an appropriate way to take [his] prior convictions into account." The district court sentenced respondent to 68 months, as if his criminal history score were two instead of four. The state challenges respondent's sentence.

## ISSUE

Did the district court have discretion to overlook two of respondent's four criminal history points?

## ANALYSIS

 The purposes of the sentencing guidelines will not be served if the trial courts generally fail to apply the presumptive sentences found in the guidelines. In fact, a sentencing court has no discretion to depart from the sentencing guidelines unless aggravating or mitigating factors are present.

dent's motion for a downward departure.

*State v. Spain,* 590 N.W.2d 85, 88 (Minn. 1999) (citations omitted).

Here, the district court found neither aggravating nor mitigating factors; it simply disregarded two criminal history points. But a district court cannot ignore criminal history points. See *State v. Schmit,* 601 N.W.2d 896, 899 (Minn.1999) ("nothing in the sentencing guidelines or in any of our previous cases * * * would permit the district court * * * to simply ignore [a defendant's] criminal history score").

Respondent argues that courts should be able to conduct a "qualitative analysis" of a defendant's prior criminal history. Such an analysis, however, is prohibited by existing caselaw and is contrary to the purpose of the sentencing guidelines. See, e.g., *Schmit,* 601 N.W.2d at 899; *Spain,* 590 N.W.2d at 88.

## DECISION

The sentencing court erred in disregarding two of respondent's four criminal history points.

**Reversed and remanded.**