STATE of Minnesota, Respondent,

v.

Keith Bernard REECE, Petitioner,
Appellant.

No. C4–00–684.

Supreme Court of Minnesota.

May 17, 2001.

Mike Hatch, Atty. Gen., St. Paul, Amy Klobuchar, Hennepin County Atty., Paul R. Scroggin, Asst. County Atty., Minneapolis, for plaintiff.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for defendant.

## OPINION

PAGE, Justice.

A jury found appellant Keith Reece guilty of one count of third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344, subd. 1(c) (2000). Based on his criminal history score of four, his presumptive sentence under the Minnesota Sentencing Guidelines was an executed term of between 84 and 92 months in prison. Believing that Reece's criminal history score exaggerated his criminal history, the sentencing court sentenced Reece to an executed term of 68 months in prison, the presumptive sentence for an offender with a criminal history score of two convicted of third-degree criminal sexual conduct. On appeal, the court of appeals reversed, holding that the sentencing court erred when it disregarded two of Reece's criminal history points. *State v. Reece,* 615 N.W.2d 852, 854 (Minn.App.2000). Because we conclude that the court of appeals was correct, we affirm.

The relevant facts are as follows. Mary Brooks shared her home with her daughter Melissa, Melissa's four children, Melissa's niece Camilla, and Camilla's child. Reece, Melissa's boyfriend and the father of two of her children, often stayed at the home. Shortly after midnight on October 24, 1998, Reece arrived at the Brooks' home and found Camilla, dressed in her bedclothes, watching television. Reece and Camilla smoked marijuana and then, without Camilla's consent, Reece twice had sexual intercourse with her. According to Camilla, Reece threatened to kill her if she told anyone.

The matter was reported to the police and Reece was eventually charged with one count of third-degree criminal sexual conduct. When first questioned by the police, Reece denied having sexual intercourse with Camilla. At trial, he admitted to having sexual intercourse with Camilla but claimed that the intercourse was consensual. The jury found him guilty as charged.

A presentence investigation indicated that Reece's criminal history score under the sentencing guidelines was four, based on two previous adult felony convictions. One conviction arose out of a 1978 Texas robbery and murder in which Reece, who was one month past his 16th birthday at the time, stabbed and killed the robbery victim. Reece was charged with murder [1] and tried as an adult. Upon conviction, he was sentenced to 5 to 25 years in prison. He was paroled in 1986 and later moved to Minnesota. He was still on parole at the time he was convicted of sexually assaulting Camilla Brooks. The other felony conviction occurred in 1991, and arose out of an incident in which gunshots were fired at the window of Reece's apartment from the street below. In returning fire with a shotgun, Reece wounded an innocent bystander. As a result, he was convicted of second-degree assault and sentenced to a stayed three-year prison term and five years' probation.

---

1. Because of the incomplete nature of the record as it relates to Reece's Texas murder conviction, it is not possible for us to know, with any certainty, the elements of the offense underlying the conviction.

At Reece's sentencing hearing in this case, the court found that there were no aggravating or mitigating factors involved in Reece's sexual assault of Camilla Brooks and therefore declined to depart from the sentencing guidelines based on the circumstances of the offense. At the same time, the court determined that Reece's criminal history score of four overstated his criminal history. The court noted "a quasi-self-defense element" in the conduct leading to the 1991 conviction and the fact that three of Reece's criminal history points resulted from his conviction for conduct that occurred when he was 16 years old. In that regard, the court stated, "I don't think the guidelines commission * * * had in mind an offense from another state 20 years ago when a defendant was 16 which would have been treated very differently here in 1978 than it would there." After giving Reece and the state the opportunity to argue the legality of a downward departure from the guidelines based on Reece's criminal history, and after acknowledging that such a departure did not "necessarily [fit] within any of the enumerated categories for mitigation," the court sentenced him to an executed term of 68 months in prison. In doing so, the court treated Reece as though he had only two criminal history points and stated that Reece's presumptive sentence under the sentencing guidelines was longer than necessary to achieve the ends of justice:

> I believe * * * 88 months * * * is not necessary to serve the purposes of sentencing [in] this case. I believe that a somewhat lesser amount than that could punish [and] deter him from future conduct, [and] protect the public. It strikes me that Mr. Reece is not a sexual predator out there looking for opportunities. This was a particular set of circumstances * * * that strikes me as not enormously likely to be repeated.

The state appealed, arguing that the sentencing court violated the sentencing guidelines by ignoring two criminal history points attributable to Reece's Texas murder conviction. The court of appeals, concluding that the sentencing court's qualitative analysis of Reece's criminal history was contrary to the purpose of the sentencing guidelines and was prohibited by case law, reversed. *Reece,* 615 N.W.2d at 854 (citing *State v. Schmit,* 601 N.W.2d 896, 899 (Minn.1999), and *State v. Spain,* 590 N.W.2d 85, 88 (Minn.1999)).

 A sentencing court's decision to depart from the sentencing guidelines will not be disturbed absent a clear abuse of discretion. *Schmit,* 601 N.W.2d at 898. But "the trial court has broad discretion to depart *only if* aggravating or mitigating circumstances are present"; in the absence of such circumstances, the trial court has no discretion to depart. *State v. Best,* 449 N.W.2d 426, 427 (Minn.1989). The sentences provided in the sentencing guidelines are presumed to be appropriate and the sentencing court "shall utilize the presumptive sentence * * * unless the individual case involves substantial and compelling circumstances." Minnesota Sentencing Guidelines II.D; *see also id.* II.D.03 comment (the purposes of the guidelines cannot be achieved unless presumptive sentences are applied with a high degree of regularity).

 Our sentencing guidelines "provide uniform standards for the inclusion and weighting of criminal history information" that are intended to increase the fairness and equity in the consideration of criminal history. *Id.* II.B.02 comment. They require that an offender's felony convictions under the laws of other states be included in the offender's Minnesota criminal history score. *See id.* II.B.5; *id.* II.B.501–

502 comments.[2] Comments to the guidelines state:

> It was contemplated that the sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender.

*Id.* II.B.504 comment. Thus, under the sentencing guidelines the sentencing court, in its discretion, is to determine the weight to be accorded an out-of-state conviction after considering the nature and definition of the offense and the sentence imposed for the offense. *Id.* In doing so, the court must comply with the sentencing guidelines' mandate that the court determine how the offender would have been sentenced had the offense occurred in Minnesota at the time of the current offense, not when the offense actually occurred out of state. *Id.* II.B.1.a ("The severity level to be used in assigning weights to prior offenses shall be based on the severity level ranking of the prior offense of conviction that is in effect *at the time the offender commits the current offense.*") (emphasis added). Applying current Minnesota law to out-of-state convictions is consistent with the policy that all defendants prosecuted in Minnesota have their criminal history scores computed similarly. *Hill v. State,* 483 N.W.2d 57, 61 (Minn.1992) ("[I]t would simply be unfair to those defendants receiving criminal history points for prior Minnesota convictions if their counterparts with prior foreign or out-of-state convictions of similar offenses for the same basic conduct did not receive criminal history points for those offenses.").

■ The above analysis leads us to conclude that the sentencing court in this case abused its discretion. The sentencing court believed that the Texas offense would have been treated very differently in Minnesota in 1978. In support of the sentencing court's actions, Reece, relying on *State v. Marquetti,* 322 N.W.2d 316 (Minn.1982), contends on appeal that the burden was on the state to establish that, had his 1978 Texas offense occurred in Minnesota, he would have been tried as an adult and that the state failed to meet this burden. In *Marquetti,* we addressed the question of how to treat an earlier Cuban burglary conviction based on the defendant's theft of some chickens when he was 16 years old. *Id.* at 318. Noting that the sentencing court should consider the nature and definition of the foreign offense and that in Minnesota 16 year olds are not generally prosecuted as adults for burglaries, we held that the defendant should not have been given a criminal history point for a conviction occurring when he was 16 unless he would have been prosecuted as an adult in Minnesota under the same circumstances. *Id.* at 318–19.

The problem with the sentencing court's actions and Reece's contention is that the record in this case does not indicate that either the court or the parties focused on the nature and definition of the foreign offense and the sentence received. Rather, the focus appears to have been on whether there were grounds for departure. Moreover, the court appears to have considered only how Reece would have been prosecuted in 1978 in Minnesota for the Texas murder. That is clearly inconsistent with the sentencing guidelines' requirement that the sentencing court determine how the foreign offense would have

**2.** The guidelines address juvenile offenses generally, but do not specifically address the treatment of offenses committed in other states while a juvenile. Minnesota Sentencing Guidelines II.B.4.

been treated at the time of the current offense. Minnesota Sentencing Guidelines II.B.1.a. Thus, under these circumstances, remand to the sentencing court for resentencing is necessary. On remand, the sentencing court must examine Reece's Texas offense and determine, in a manner consistent with the requirements of Minnesota's current sentencing guidelines, how many criminal history points Reece should have.

Affirmed.

RUSSELL A. ANDERSON (concurring specially).

I concur but write separately to emphasize that under the Sentencing Guidelines a district court lacks the authority to perform the kind of subjective analysis of an offender's criminal history score the district court performed here. As the commentary to the guidelines indicates, in giving weight to foreign convictions, the sentencing court must exercise its discretion to some extent. Minnesota Sentencing Guidelines II.B.504 comment.

Here the sentencing court did not consider the nature and definition of the foreign offense or the sentence received to determine whether two points for the Texas offense was proper. In addition, neither the state nor Reece disputed the assignment of two criminal history points for the Texas offense. *See* Minn.R.Crim.P. 27.03, subd. 1(D) (allowing, among other things, a party to challenge the sentencing worksheet and request a hearing for purposes of establishing the correct criminal history score). The court appears to have acknowledged that the criminal history score was properly computed under the guidelines, and instead made an after-the-fact qualitative assessment of the prior offenses, resulting in an effective downward departure where there were admittedly no grounds for such a departure.

Where a court attempted to use the underlying circumstances of prior offenses included in the criminal history score to warrant an *upward* departure, we stated:

> Generally the sentencing court cannot rely on a defendant's criminal history as a ground for departure. The Sentencing Guidelines take one's history into account in determining whether or not one has a criminal history score and, if so, what the score should be. Here defendant's criminal history was already taken into account in determining his criminal history score and there is no justification for concluding that a qualitative analysis of the history justifies using it as a ground for departure.

*State v. Magnan,* 328 N.W.2d 147, 149–50 (Minn.1983); *see also State v. Higginbotham,* 348 N.W.2d 327 (Minn. 1984). The same rule applies for the, in effect, downward departure exercised here.

Just as a court may not substitute its judgment for the judgment of the guidelines commission as to the designated severity level of a crime, so also a court may not substitute its judgment as to the weight to be given a properly computed criminal history score.