*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1190**

State of Minnesota,
Appellant,

vs.

Luis Armando Cubas,
Respondent.

**Filed January 5, 2015
Affirmed
Peterson, Judge**

Ramsey County District Court
File No. 62-K5-04-002593

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this sentencing appeal brought by the state, appellant argues that the district court erred by failing to include an out-of-state conviction in the calculation of respondent's criminal-history score. We affirm.

## FACTS

Respondent Luis Armando Cubas was arrested after selling crack cocaine to an undercover St. Paul police officer on July 7, 2004. He pleaded guilty to third-degree controlled-substance crime under the terms of a plea agreement in which he waived the right to challenge assignment of a custody-status point for sentencing purposes. The district court accepted the plea. Respondent absconded while he was on personal release pending sentencing, and he was not apprehended until April 2013.

In June 2013, respondent moved to withdraw his guilty plea, arguing that the plea agreement was invalid and unenforceable because he could not waive the right to challenge his criminal-history score. The district court permitted respondent to withdraw his plea, but this court reversed, ruling that the district court failed to consider potential prejudice to the prosecution if respondent was permitted to withdraw his plea. *State v. Cubas*, 838 N.W.2d 220, 225 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013). Before the district court could impose sentence, respondent was deported, and he waived the right to appear at any further proceedings, including his sentencing hearing.

A presentence investigation report (PSI) prepared in May 2013 enumerates respondent's prior felony convictions. In 2004, respondent was convicted in Minnesota

of possession of burglary tools. The PSI also states that respondent was convicted of "burglary" in California in 2003 and received a 270-day jail sentence and three years of probation for that offense.[1] Based on respondent's criminal-history score of three, which included two points for the prior felony convictions and one custody point for respondent's commission of the current offense while on probation for a prior offense, the PSI reporter recommended that the district court impose the presumptive 39-month executed sentence.

At the sentencing hearing held in April 2014, the district court denied respondent's renewed motion to withdraw his guilty plea, finding that appellant would be prejudiced by plea withdrawal because evidence had been destroyed during the time that respondent was not in custody. The court addressed the issue of respondent's criminal-history score sua sponte and declined to assign respondent a criminal-history point for the 2003 California burglary conviction, stating:

> This Court is not satisfied . . . that the August 2, 2003, what is listed as a felony burglary from San Bernardino County is, in fact, a burglary. Therefore, this Court is going to amend the worksheet to reflect that [respondent] has one felony point and one custody status point and two criminal history points, which give him a stayed sentence of 33 months.

The district court noted that when respondent pleaded guilty to the California burglary, he was sentenced to serve 270 days in jail and three years of probation, a sentence that the district court had "difficulty understanding whether or not [it was] a felony and . . .

---

[1] The PSI lists among respondent's prior convictions: "Felony: 08/02/03 Burglary. San Bernardino, CA. On 9/22/03, the defendant [pleaded] guilty and was sentenced to three years probation, 270 days jail, $25 fine, restitution."

should carry a [criminal-history] point." Appellant asked for more time to determine respondent's correct criminal-history score, but the district court stated that it had "been dealing with this for a year" and "had enough time to look at it." Reducing respondent's criminal-history score from three to two resulted in a presumptive stayed sentence, rather than a presumptive executed sentence. The district court stayed execution of sentence, placed respondent on probation for five years, and ordered respondent to serve 110 days in jail. This appeal followed.

## DECISION

This court reviews the district court's determination of an offender's criminal-history score for an abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002). The state has the burden to prove "the facts necessary to justify consideration of an out-of-state conviction in determining a defendant's criminal history score." *State v. Outlaw*, 748 N.W.2d 349, 355 (Minn. App. 2008) (quotation omitted), *review denied* (Minn. July 15, 2008). The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved in the offense, and the offense is a felony in Minnesota. *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983); *State v. Jackson*, 358 N.W.2d 681, 683 (Minn. App. 1984). This evidentiary standard "means that it must be established by a greater weight of the evidence. It must be of a greater or more convincing effect and . . . lead you to believe that it is more likely that the claim . . . is true than . . . not true." *State*

*v. Wahlberg,* 296 N.W.2d 408, 418 (Minn. 1980).[2]  A district court may assign criminal-history points for a prior out-of-state felony conviction "only if [the out-of-state conviction] would *both* be defined as a felony in Minnesota, *and* the offender received a sentence that in Minnesota would be a felony-level sentence."  Minn. Sent. Guidelines 2.B.5.b (second emphasis added).[3]

In Minnesota, a "felony" is defined as "a crime for which a sentence of imprisonment for more than one year may be imposed."  Minn. Stat. § 609.02, subd. 2 (2014).  A burglary committed in Minnesota may be either a felony or gross-misdemeanor offense, depending on the conduct involved.  *Compare* Minn. Stat. § 609.582, subds. 1, 2-3 (2014) (felony-level burglary offenses), *with* Minn. Stat. § 609.582, subd. 4 (2014) (gross-misdemeanor burglary offense).  Fourth-degree burglary is punishable by "imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both."  Minn. Stat. § 609.582, subd. 4.  An offense that is defined to include a prison sentence of "not more than a year" and a fine of "not more than $3,000"

---

[2] Once the state meets its burden of proof, the defendant may "challenge the fact of the prior convictions or the validity of the presentence report," and the district court then must "adjourn the hearing and require the prosecution to produce evidence to establish" the factual basis for using the prior convictions in the defendant's criminal-history score. *State v. Piri*, 295 Minn. 247, 253-54, 204 N.W.2d 120, 124 (1973).

[3] Modifications to the sentencing guidelines apply only to offenses committed on or after the specified effective date.  Minn. Sent. Guidelines 3.G.1 (2014).  Thus, the guidelines and offense definitions in effect when respondent committed the controlled-substance offense in July 2004 apply.  But because the same criteria for designating an offense apply under the 2004 version and the current version of the sentencing guidelines and the relevant offense definitions and sentence levels have not changed since respondent committed the controlled-substance offense, we cite the current versions of the sentencing guidelines and statutes.

is a gross misdemeanor.  Minn. Stat. §§ 609.02, subd. 4, 609.03(2) (2014).  Therefore, fourth-degree burglary is a gross misdemeanor.

The PSI refers to the 2003 California offense as a "[b]urglary" to which respondent pleaded guilty and for which he was sentenced "to three years [of] probation, 270 days [in] jail, [a] $25 fine, [and] restitution."  Because a "burglary" can be either a felony or a gross-misdemeanor offense in Minnesota, the evidence that appellant offered was not sufficient to show by a preponderance of evidence that the California conviction would be a felony in Minnesota as required by Minn. Sent. Guidelines 2.B.5.b.  And because Minn. Sent. Guidelines 2.B.5.b states that an out-of-state conviction should be included in the calculation of an offender's criminal-history score only when the conviction would be "both" designated as a felony offense in Minnesota "and" sentenced as a felony under Minnesota law, appellant's failure to meet the burden of proof on the first prong is dispositive.  The district court did not err by declining to include the California conviction as a prior felony for purposes of calculating respondent's criminal-history score.[4]

Appellant also argues that the district court lacked authority to act sua sponte to exclude the California conviction from respondent's criminal history because "[n]either [respondent's] counsel nor [a]ppellant . . . ever raised concerns over [respondent's]

---

[4] Appellant's brief to this court includes references to extra-record evidence suggesting that respondent's California burglary would be designated as a felony offense under Minnesota law.  Because this evidence was not offered at the sentencing hearing, we cannot consider it.  Minn. R. Civ. App. P. 110.01 (limiting record on appeal to "documents filed in the [district] court, the exhibits, and the transcript of the proceedings"); *see also* Minn. R. Civ. App. P. 101.01 (applying appellate civil rules to criminal appeals if "not inconsistent with the Rules of Criminal Procedure").

criminal history score." The Minnesota Rules of Criminal Procedure permit the district court at sentencing to "order a corrected worksheet submitted to the sentencing guidelines commission" if "the court determines the guidelines worksheet or supplement is wrong." Minn. R. Crim. P. 27.03, subd. 1(B)(7)(e). Also, the supreme court has noted that it is "the responsibility of probation officers and district courts to ensure the accuracy of every defendant's criminal history score" in order to achieve the sentencing guidelines' purpose of promoting uniform sentencing. *State v. Maurstad*, 733 N.W.2d 141, 147, 151 (Minn. 2007) (prohibiting criminal defendant from waiving review of criminal-history-score calculation). For these reasons, the district court did not abuse its discretion by sua sponte addressing the accuracy of respondent's criminal-history score.

Appellant argues that under *State v. Reece*, 625 N.W.2d 822 (Minn. 2001), this court is required to remand for resentencing with a proper calculation of respondent's criminal-history score. In *Reece*, the supreme court remanded a case for resentencing when the district court did not apply proper weights to the defendant's prior out-of-state convictions by reference to Minnesota law at the time of the current offense. *Reece*, 625 N.W.2d at 825-26. Here, the district court properly sentenced in accordance with the sentencing guidelines based on the evidence presented, and it had no duty to grant a continuance at the sentencing hearing to permit appellant to present additional evidence. *See State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn. 1980) (stating that it is within district court's discretion to grant or deny a motion for a continuance). As the district court noted, the case had been pending before the district court for more than a year at the time of sentencing; the PSI was also prepared about ten months before the sentencing

hearing.  *See id*. at 311-12 (upholding denial of motion for a continuance to subpoena a witness when defense counsel could have subpoenaed the witness earlier).

**Affirmed.**