*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1329**

Andre LeBlanc, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 16, 2016
Affirmed
Jesson, Judge**

Ramsey County District Court
File No. 62-CR-12-3291

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**JESSON** , Judge

Appellant Andre LeBlanc challenges his 360-month prison sentence. LeBlanc argues that the district court improperly assigned him one criminal-history point for an

out-of-state conviction. Because the state met its burden of proving by a preponderance of the evidence that the out-of-state conviction corresponds to a Minnesota felony, we affirm.

**FACTS**

In July of 2012, LeBlanc pleaded guilty to first-degree criminal sexual conduct. LeBlanc's plea agreement called for a sentence within the presumptive Minnesota Sentencing Guidelines range. Probation prepared a pre-sentence investigation and calculated LeBlanc's criminal-history score at five. The guidelines range was determined to be from 260 months to the statutory maximum of 360 months. Minn. Stat. § 609.342, subd. 2(a) (2010). As part of his criminal-history score, LeBlanc was assigned one criminal-history point for an April 1999 simple-arson conviction in Louisiana.

At LeBlanc's sentencing hearing, neither party disputed probation's calculation of his criminal-history score. The district court imposed a statutory maximum sentence of 360 months in prison.

LeBlanc subsequently filed a petition for postconviction relief. He argued that the sentencing court erred by assigning him a criminal-history point for the 1999 Louisiana conviction because the state failed to prove that the Louisiana simple-arson offense is equivalent to a felony in Minnesota. The district court issued an order construing LeBlanc's motion for postconviction relief as a motion under Minn. R. Crim. P. 27.03, subd. 9, to correct an illegal sentence and scheduled an evidentiary hearing.

At the evidentiary hearing, the state introduced a certified copy of the Louisiana conviction and what appears to be a plea petition and sentencing order. A copy of the

Louisiana complaint is also in the district court record. The complaint alleges that LeBlanc committed aggravated arson when he set fire to a mattress in his wife's apartment. La. Stat. Ann. § 14:51 (1997). LeBlanc later entered a guilty plea to the amended charge of simple arson and was sentenced to three years in prison. La. Stat. Ann. § 14:52 (1997).

Based on the evidence received, the district court found that the Louisiana conviction corresponded to third-degree arson, a Minnesota felony. Minn. Stat. § 609.563, subd. 1 (1998). A conviction of third-degree arson receives one criminal-history point under the Minnesota Sentencing Guidelines. Minn. Sent. Guidelines 5 (defining third-degree arson as a severity-level-three offense), 2.B.1.b. (Supp. 2011) (providing that severity-level-three offenses receive one criminal-history point). The district court therefore determined that LeBlanc was properly sentenced and denied his motion to correct his sentence. This appeal follows.

## D E C I S I O N

Under the Minnesota Sentencing Guidelines, the district court sentences an offender based on a presumptive sentencing range. Minn. Sent. Guidelines 4 (Supp. 2011). The presumptive sentencing range is determined by the severity level of the offense and the offender's criminal-history score. *Id.*; *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). The offender's criminal-history score is calculated, in part, by assigning a point value to each of the offender's prior felony convictions. Minn. Sent. Guidelines 2.B.1 (Supp. 2011).

3

When a district court calculates an offender's criminal-history score, it must take into consideration convictions from states other than Minnesota. Minn. Sent. Guidelines 2.B.5 & cmt. 2.B.502 (Supp. 2011). The effect of the out-of-state conviction on the offender's criminal-history score generally is based on how the offender would have been treated if the prior out-of-state offense had occurred in Minnesota at the time of the current offense. *Id.*; *State v. Reece*, 625 N.W.2d 822, 825 (Minn. 2001). In other words, the sentencing court determines the current Minnesota offense that is equivalent to the prior out-of-state offense and assigns the out-of-state offense the criminal-history weight that is allotted to that Minnesota offense. Minn. Sent. Guidelines 2.B.5 & cmt. 2.B.502. When a monetary threshold determines the offense classification, the equivalent Minnesota offense is determined based on the monetary threshold in effect in Minnesota when the out-of-state offense was committed, rather than when the current offense was committed. Minn. Sent. Guidelines cmt. 2.B.502.

An out-of-state conviction may be treated as a felony for purposes of criminal history only if it would be defined as a felony under Minnesota law and the offender received a sentence that in Minnesota would constitute a felony-level sentence. Minn. Sent. Guidelines 2.B.5.b. The state has the burden of proving sufficient facts to justify consideration of an offender's out-of-state conviction. *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). "The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crime would constitute a felony in Minnesota." *Id.* In determining whether an out-of-state conviction may be treated as a felony in Minnesota, the district court may

4

consider factors including the definition of the offense and the sentence received. *State v. Combs*, 504 N.W.2d 248, 250 (Minn. App. 1993), *review denied* (Minn. Sept. 21, 1993).

The district court determined that the sentencing court properly assigned LeBlanc one criminal-history point for the Louisiana conviction. Minnesota defines a felony as "a crime for which a sentence of imprisonment for more than one year may be imposed." Minn. Stat. § 609.02, subd. 2 (2010). The district court found that, because LeBlanc was given a three-year sentence for the out-of-state conviction, he was given a felony-level sentence under Minnesota law. LeBlanc does not challenge this portion of the district court's ruling.

The district court then determined that the out-of-state conviction corresponds to third-degree arson under Minn. Stat. § 609.563 (1998).[1] Third-degree arson is a felony and receives one criminal-history point under the sentencing guidelines. Minn. Sent. Guidelines 5, 2.B.1.b. Third-degree arson requires that the property damaged or destroyed by the accused have a value of $300 or more. Minn. Stat. § 609.563. Although the Louisiana statute LeBlanc was convicted under does not require a monetary threshold, the statute provides for an increased penalty when "the damage done amounts to five hundred dollars or more." La. Stat. Ann. § 14:52. The Louisiana plea petition and sentencing order states that "[w]hoever commits the crime of simple arson where the

---

[1] Because a monetary threshold determines whether an offense is classified as third-degree arson, this opinion cites to the 1998 version of Minn. Stat. § 609.563, which was in effect at the time of LeBlanc's Louisiana offense. *See* Minn. Sent. Guidelines cmt. 2.B.502. The language of the statute in effect at the time of the Louisiana offense, however, is identical to the language in effect at the time of LeBlanc's current offense. *Compare* Minn. Stat. § 609.563 (1998) *with* Minn. Stat. § 609.563 (2010).

property damage done amounts to *five hundred dollars or more* shall be . . . imprisoned at hard labor for not less than two years nor more than fifteen years." (Emphasis added.) The order does not list the penalty for simple arson when the damage done amounts to less than five hundred dollars. Based on this, the district court determined that the out-of-state offense met the $300 threshold in Minnesota's third-degree arson statute.

The use of an out-of-state conviction in determining a defendant's criminal-history score is within the district court's discretion and will not be reversed absent an abuse of that discretion. *Maley*, 714 N.W.2d at 712. Likewise, this court reviews the district court's decision to deny a Minn. R. Crim. P. 27.03, subd. 9, motion to correct sentence for an abuse of discretion. *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

LeBlanc claims that his Louisiana conviction does not correspond to the Minnesota felony of third-degree arson because the state failed to prove that he damaged property worth at least $300. LeBlanc correctly points out that Louisiana places no monetary threshold on the amount of damage required for simple arson. La. Stat. Ann. § 14:52. The severity of the offender's punishment depends on the monetary value of the damage done, but the offense of simple arson itself requires no damage threshold. *Id.* In Minnesota, on the other hand, an offender is not guilty of third-degree arson unless he damages property worth at least $300. Minn. Stat. § 609.563, subd. 1. An offender who damages property worth less than $300 in Minnesota may be guilty of fourth-degree arson, a gross misdemeanor, or fifth-degree arson, a misdemeanor. Minn. Stat. §§ 609.5631, .5632 (2010).

The Louisiana simple-arson statute LeBlanc was convicted of violating provides:

6

A. Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51.

B. Whoever commits the crime of simple arson, where the damage done amounts to five hundred dollars or more, shall be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years.

C. Where the damage is less than five hundred dollars, the offender shall be fined not more than twenty-five hundred dollars or imprisoned with or without hard labor for not more than five years, or both.

La. Stat. Ann. § 14:52.

As the district court found, the Louisiana court's sentencing order indicates that LeBlanc was sentenced under La. Stat. Ann. § 14:52(B) for causing $500 or more in damage. The order lists that penalty provision, and LeBlanc was sentenced to more than two years in prison. While LeBlanc could have received a three-year sentence under either La. Stat. Ann. § 14:52(B) or (C), the sentencing order quotes directly from La. Stat. Ann. § 14:52(B) and makes no mention of La. Stat. Ann. § 14:52(C). We agree with the district court that this shows by a preponderance of the evidence that LeBlanc caused at least $300 of damage and that the Louisiana offense corresponds to third-degree arson.

Louisiana law requires the district court to inform a defendant of both "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law" before accepting a guilty plea. La. Code Crim. Proc. Ann. Art. 556.1(A)(1) (2003). The plea petition and sentencing order, which is signed by LeBlanc, his Louisiana attorney, the Louisiana district attorney, and the Louisiana district court

7

judge, informed LeBlanc only of the minimum and maximum sentence for a violation of La. Stat. Ann. § 14:52(B). LeBlanc would have been exposed to the penalties provided by La. Stat. Ann. § 14:52(B) only if he caused property damage of $500 or more. If the property damage caused by LeBlanc had been less than $500, he would have been exposed only to the lesser penalties in La. Stat. Ann. § 14:52(C), and presumably the plea petition and sentencing order would have quoted only that penalty provision.

LeBlanc also claims that the penalty range in the plea petition and sentencing order cannot provide the basis for affirming his sentence because the state did not make this argument before the district court. LeBlanc does not cite to any legal authority for the proposition that the district court is prohibited from considering matters not explicitly argued by the state. The state submitted the plea petition and sentencing order to the district court, and the district court was permitted to determine from that evidence whether the state met its burden of showing that the Louisiana conviction corresponded to a Minnesota felony.

Furthermore, the district court put LeBlanc on notice at the evidentiary hearing that it believed the penalty range in the plea petition and sentencing order was significant. The district court pointed out that the plea petition and sentencing order quoted directly from La. Stat. Ann. § 14:52(B) and that this supported the conclusion that LeBlanc caused damage of $500 or more during the out-of-state offense. LeBlanc's attorney then argued against the district court's reasoning. LeBlanc therefore had notice of the district court's position and a chance to be heard on the matter.

8

The penalty range listed in the plea petition and sentencing order shows that LeBlanc damaged at least $500 of property during his Louisiana simple-arson offense. An offender is guilty of the felony of third-degree arson in Minnesota if he damages property worth at least $300. The state therefore met its burden of proving by a preponderance of the evidence that LeBlanc's Louisiana offense corresponds to a Minnesota felony.[2] The district court did not abuse its discretion by denying LeBlanc's motion to correct his sentence.

**Affirmed.**

---

[2] The state also argues that, because LeBlanc set fire to a mattress in his wife's apartment, his Louisiana conviction is equivalent to Minnesota's first- and second-degree arson offenses. First-degree arson makes it a felony to intentionally damage or destroy a building used as a dwelling by means of fire or explosives, Minn. Stat. § 609.561, subd. 1 (2010), and second-degree arson makes it a felony to intentionally damage or destroy a building by means of fire or explosives. Minn. Stat. § 609.562 (2010). The state argued before the district court that the burning mattress would have caused smoke damage to the apartment. Because we conclude, based on the penalty language in the plea petition and sentencing order, that LeBlanc's offense corresponds to third-degree arson, we do not reach this alternative argument.