**STATE of Minnesota, Respondent,**

v.

**Tommy James EDWARDS, Appellant.**

A16–1482

Court of Appeals of Minnesota.

Filed August 14, 2017

---

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and Mark Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Jesson, Presiding Judge; Rodenberg, Judge; and Bratvold, Judge.

## OPINION

RODENBERG, Judge

Appellant Tommy James Edwards appeals his conviction of second-degree assault, arguing that the district court gave erroneous jury instructions. He also argues that his right to a jury trial was violated when the district court included two Wisconsin convictions in calculating his criminal history score without submitting to a jury the question of whether those Wisconsin offenses would have been certified for adult prosecution under Minnesota law. We affirm.

## FACTS

Appellant was charged with second-degree assault with a dangerous weapon under Minn. Stat. § 609.222, subd. 1 (2014), after he stabbed L.R.D. with a knife during a fight outside a nightclub.[1] While the state did not produce the knife at trial, it introduced testimony to support its theory. L.R.D. described the knife used by appellant, the state provided photos of L.R.D.'s wounds, and a police investigator testified that the wounds were consistent with a stabbing.

Appellant's theory at trial was that he used no knife to attack L.R.D., and that he used only his fists during the fight. A witness for appellant testified that he did not see either combatant use a knife during the fight. In summation, appellant's attorney stated the "key question is whether or not [appellant] had a knife" during the fight.

There were no objections to the district court's jury instructions. The jury convicted appellant of second-degree assault.

Appellant did not request a jury trial concerning his criminal history score. But before sentencing, appellant moved the district court to exclude two of his prior Wisconsin felony convictions from his

---

1. The elements of the charged offense are: (1) that appellant assaulted L.R.D.; (2) that he used a dangerous weapon in the assault; and (3) that the offense occurred in St. Louis County, Minnesota, on or about April 25, 2015. Minn. Stat. § 609.222, subd. 1. *See also* 10 *Minnesota Practice*, CRIMJIG 13.10 (2015).

criminal history score. The convictions were for two separate attempted robberies, both involving appellant's use of a handgun to threaten the imminent use of force. Appellant argues to the district court that it could not include those convictions in his criminal history score because he was a minor when he was convicted and, although Wisconsin tried him as an adult, the district court had not made sufficient findings that appellant would have been tried as an adult in Minnesota. The district court included the Wisconsin felony points in appellant's criminal history score, concluding that appellant would have been certified for adult prosecution in Minnesota had the offenses been committed here.

This appeal followed.

## ISSUES

I. Did the district court plainly err by not instructing the jury on the statutory definitions of "bodily harm" and "great bodily harm," or by defining "assault" as either intentionally inflicting bodily harm or attempting to inflict bodily harm?

II. Did the district court violate appellant's constitutional right to a sentencing jury trial by including in appellant's criminal history score two Wisconsin felony convictions resulting from appellant's certification for adult prosecution there, without submitting to a jury the question of whether appellant would have been certified under Minnesota law?

## ANALYSIS

### I. The district court did not plainly err in its jury instructions.

Appellant makes two arguments concerning claimed plain error in the district court's jury instructions. First, he argues that the district court should have instructed the jury on the definitions of "bodily harm" and "great bodily harm." Second, he argues that the district court incorrectly instructed the jury that it could find appellant guilty if he either intentionally inflicted bodily harm or attempted to inflict bodily harm.

A district court has "broad discretion" to craft jury instructions, and it abuses that discretion if the instructions given "confuse, mislead, or materially misstate the law." *State v. Taylor*, 869 N.W.2d 1, 14–15 (Minn. 2015) (quotation omitted). Appellant did not object to the jury instructions at trial, so we apply plain-error analysis to his jury-instructions arguments. *Id.* at 15. Plain error exists if "(1) there is an error, (2) the error is plain, and (3) the error affects the appellant's substantial rights." *State v. Moore*, 863 N.W.2d 111, 119 (Minn.App. 2015), *review denied* (Minn. July 21, 2015).

Here, the third element our of plain-error review is dispositive. It is clear from how the case was tried that the errors alleged by appellant did not affect his substantial rights regardless of the instructions given. "[A]n error affects substantial rights when there is a reasonable likelihood that a more accurate instruction would have changed the outcome in [the] case." *Id.* at 123 (quotation omitted). There is no chance that the additional instructions now sought by appellant would have changed the outcome.

Appellant claims on appeal that the district court should have defined "bodily harm" and "great bodily harm" for the jury because those definitions are included in the statute. Because the state had to prove that a knife could cause "great bodily harm," he argues that omission of these definitions was plainly erroneous and affected his substantial rights.

At trial, the state argued that appellant stabbed L.R.D. with a knife. Appellant ar-

gued that he only used his fists. Nobody argued that a knife cannot cause great bodily harm. Everyone tacitly agreed that a knife can cause great bodily harm. The jury's verdict reflects its finding that the state proved that appellant assaulted L.R.D. with a knife. Instructing the jury on the definition of "bodily harm" and "great bodily harm" would not have changed the outcome of the case.

Appellant also argues that the district court should not have included the language "attempting to inflict bodily harm" in the jury instructions.

In summation, appellant's counsel conceded that "[d]uring the early morning hours of April 25th, 2015, [appellant] got in a fist fight with [L.R.D.]." As discussed, the case was tried and submitted to the jury on a simple factual question: did appellant cause L.R.D.'s injuries with a knife or with his fists? The jury's verdict demonstrates its conclusion that the state proved that appellant injured L.R.D. with a knife. Further definitions concerning issues not disputed at trial would have made no difference, as trial counsel appears to have understood by not objecting to the district court's jury instructions.

**II. The district court did not violate appellant's constitutional right to a sentencing jury trial by computing his criminal history score without submitting to a jury the question of whether appellant's Wisconsin convictions while a juvenile would have been certified for adult prosecution in Minnesota.**

Appellant argues that the district court erred by including his Wisconsin convictions in his criminal history score without submitting to a jury the question of

whether he would have been certified as an adult had he committed those crimes in Minnesota. The district court resolved this question.[2] Appellant now argues that the district court could not include the past convictions in his criminal history score without a jury finding that appellant would have been certified as an adult in Minnesota had his Wisconsin juvenile offenses been committed here.

■■■ We review determinations of a defendant's criminal history score for abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn.App. 2002), *review denied* (Minn. Aug. 20, 2002). The interpretation of the sentencing guidelines is a question of law that we review de novo. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009). We review de novo whether appellant was unconstitutionally denied a jury trial. *State v. Kuhlmann*, 806 N.W.2d 844, 848–49 (Minn. 2011).

**A. Appellant did not forfeit the issue by not raising it below.**

■■■ Respondent argues that appellant forfeited his argument that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), requires a jury trial in these circumstances because he did not raise the jury-trial question to the district court. *See Blakely*, 542 U.S. at 301, 124 S.Ct. at 2536 (requiring any facts that increase a defendant's sentence above the prescribed statutory maximum, other than the fact of a prior conviction, to be submitted to a jury). We do not generally consider issues not raised to the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

---

**2.** Appellant did not request a jury trial on the issue, asking that the additional criminal history points "only be included after the [dis-trict court] determines whether or not a certification would have happened in 1993."

Generally, a criminal defendant may neither waive nor forfeit the issue of a proper and correct criminal history score, an issue which is fundamental to the state's "public policy to maintain uniformity, proportionality, rationality, and predictability in sentencing." *State v. Maurstad*, 733 N.W.2d 141, 146–47 (Minn. 2007) (quoting *State v. Misquadace*, 644 N.W.2d 65, 69 (Minn. 2002)). Here, appellant objected to the lack of findings supporting inclusion of the Wisconsin convictions in his criminal history score. He did not expressly waive his jury-trial claim. Even if appellant did not raise this precise argument below, the issue has been fully briefed and can be resolved on the record as constituted. We therefore address appellant's argument on its merits.

### B. The district court did not unconstitutionally deny appellant a sentencing jury trial.

Appellant argues that the district court improperly included his Wisconsin convictions in his criminal history score without submitting to a jury the question of whether he would have been certified for adult prosecution had his Wisconsin offense been committed here. Minnesota law requires a "factfinder" to make additional findings in order to add a conviction from another state into a defendant's criminal history score. *State v. Marquetti*, 322 N.W.2d 316, 319 (Minn. 1982) (holding that, in order to include a foreign conviction in a defendant's criminal history score, the prosecutor must show the defendant "would have been prosecuted as an adult in Minnesota under the same circumstances"); Minn. Sent. Guidelines 2.B.5.e (2014) (requiring findings to be made by a "factfinder"). Appellant relies on the U.S. Supreme Court's decision in *Blakely*, requiring that all facts increasing the penalty for a crime, other than the fact of a prior

conviction, be decided by a jury. 542 U.S. at 301, 124 S.Ct. at 2536.

In *Blakely*, the U.S. Supreme Court applied the rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301, 124 S.Ct. at 2536 (quotation omitted). Following *Blakely*, the Minnesota Supreme Court held that

> 'any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.' . . . The additional loss of liberty that results from execution of a presumptively stayed sentence, it is plain, exceeds the maximum sentence authorized by a plea of guilty or jury verdict, and violates the constitutional rule.

*State v. Allen*, 706 N.W.2d 40, 45–46 (Minn. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 224, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005)).

Including the Wisconsin convictions in appellant's criminal history score increased appellant's presumptive sentence from a stayed sentence of 27 months to an executed sentence of 39 to 54 months. Inclusion of appellant's Wisconsin convictions was "necessary to support [appellant's executed prison] sentence." *Id.* at 45.

The state argues that the district court's findings relating to appellant's criminal history score are within the prior-conviction exception to *Blakely*. We agree. The prior-conviction exception is a "narrow" exception to the general rule that facts that increase the penalty for a convic-

tion must be submitted to a jury. *State v. Her*, 862 N.W.2d 692, 698 (Minn. 2015). This exception "permits a court to find the existence of a prior conviction when sentencing a defendant so long as the prior conviction is not itself an element of the current offense." *Id.* The exception is narrow, and "covers only the fact of the conviction; it does not extend to other facts associated with the conviction." *Id.* Even though this exception is narrow, the Minnesota Supreme Court has held that it is not strictly limited to whether a prior conviction existed. *See State v. McFee*, 721 N.W.2d 607, 618 (Minn. 2006) (holding that verifying a juvenile had been adjudicated delinquent is permitted without a jury); *Allen*, 706 N.W.2d at 48 (holding that a finding that a defendant was on probation at the time of the prior conviction is permitted without a jury); *cf. Her*, 862 N.W.2d at 699 (requiring a jury to make a risk-level assessment); *State v. Henderson*, 706 N.W.2d 758, 762 (Minn. 2005) (requiring a jury to make a finding that a defendant's prior convictions formed a pattern of criminal conduct). The Minnesota Supreme Court has explained that a jury must make findings concerning a "qualitative assessment of behavior" or a "comparison and weighing of bad conduct." *Her*, 862 N.W.2d at 699 (quotations omitted). We have held that the district court may properly determine "which of [a criminal defendant's] out-of-state convictions are felonies." *State v. Outlaw*, 748 N.W.2d 349, 355 (Minn.App. 2008), *review denied* (Minn. July 15, 2008).

Here, the district court did not need to qualitatively assess appellant's behavior or weigh his bad conduct to determine whether to include the Wisconsin convictions in appellant's criminal history score. It compared Minnesota law to Wisconsin law concerning certification for adult prosecution. The Minnesota Sentencing Guidelines define when and how prior felony offenses from other jurisdictions may be included in a defendant's criminal history score. The guidelines provide that if an offender "was under 18 years old" at the time of the prior crime, "[t]he prior [conviction] can be included in the adult history section only if the factfinder determines that it is an offense for which the offender would have been certified to adult court if it had occurred in Minnesota."[3] Minn. Sent. Guidelines 2.B.5.e. When making that decision, the district court may "look to the definition of the offense, the nature of the offense, and the sentence received." *State v. Combs*, 504 N.W.2d 248, 250 (Minn.App. 1993), *review denied* (Minn. Sept. 21, 1993). In many cases, including this one, the district court's determination can be made by examination of the statutes in the two states and without looking at the defendant's underlying conduct. *Hill v. State*, 483 N.W.2d 57, 61 (Minn. 1992).

Here, the district court concluded that appellant would have been tried as an adult had the Wisconsin offenses occurred here by comparing the respective certification statutes. Comparing the Minnesota and Wisconsin statutes, it is clear that appellant would have been certified as an adult in Minnesota had his Wisconsin offenses been committed here.

Appellant was certified as an adult under Wis. Stat. § 48.18(5) (1992), which required the prosecutor to present evidence

---

**3.** Appellant asks us to attribute significance in the guidelines' use of the term "factfinder." But the prior-conviction exception of *Blakely*, as further clarified in *Allen*, preserved some fact finding to the district court. *Blakely* does not require that *all* fact finding is preserved to the jury. *See Her*, 862 N.W.2d at 698 (indicating that the "court [is permitted] to *find* the existence of a prior conviction" (emphasis added)).

in support of waiving the juvenile court's jurisdiction, and establish "by clear and convincing evidence that it would be contrary to the best interests of the child or of the public" to try the defendant as a juvenile. Wis. Stat. § 48.18(5), (6) (1992). In deciding whether to certify appellant as an adult, the Wisconsin statute required the judge to consider (1) the personality and prior record of the child; (2) the type and seriousness of the offense; (3) adequacy of facilities, services, and treatment available for the child; and (4) the desirability of trial and disposing of the entire case in one court, if the child allegedly committed the crime with others to be tried in adult court. Wis. Stat. § 48.18(5).

The Minnesota statute in effect when appellant was certified in Wisconsin had similar provisions.[4] It required the state to demonstrate "by clear and convincing evidence that the child is not suitable to treatment or that the public safety is not served under the provisions of laws relating to juvenile courts." Minn. Stat. § 260.125, subd. 2(d)(2) (1992). In determining whether the prosecution had met its burden to certify for adult prosecution, Minnesota law required a district court to consider the "totality of the circumstances" which included, but was not limited to, consideration of 11 factors: (1) seriousness of the offense; (2) circumstances of the

offense; (3) if the offense was committed in an aggressive, violent, or premeditated manner; (4) whether the offense was committed against person or property; (5) foreseeable consequences of the act; (6) absence of adequate protective and security facilities available to juveniles; (7) sophistication and maturity of the child; (8) record and history of the child; (9) whether the child acted with particular cruelty or disregard for life; (10) whether the offense required a high degree of sophistication or planning by the child; and (11) whether there is sufficient time before the child turns 19 years old to provide appropriate treatment and control. Minn. R. Juv. P. 32.05, subd. 2 (1992). While the Minnesota standard was more detailed than its Wisconsin counterpart, the two statutes are very similar. Both statutes allow a district court to certify a child for adult prosecution if doing so is in the public interest, considering factors relating to the child, the offense, and the availability of appropriate juvenile services and facilities. In making that determination, courts in both states consider similar factors. Both states imposed the same burden of proof on the state. Moreover, and as the district court properly noted, appellant's Wisconsin convictions—felony offenses against a person involving use of a firearm—would have fallen within the class of

4. In previous cases, the Minnesota Supreme Court, citing the Minnesota Sentencing Guidelines, has required district courts to compare the foreign offense to how the same offense would be treated "at the time of the current offense, not when the offense actually occurred out of state." *State v. Reece*, 625 N.W.2d 822, 825 (Minn. 2001) (citing Minn. Sent. Guidelines II.B.1.a (1998)). However, the Minnesota Sentencing Guidelines have been changed to omit that language. The guidelines now require only that the district court find that the offender "would have been certified as an adult under Minnesota law." Minn. Sent. Guidelines 2.B.5.e & cmt. 2.B.504 (2014) (referring to *Marquetti*, 322

N.W.2d 316). *Marquetti* does not identify whether it analyzed the case under then-current or former law. 322 N.W.2d at 319. Logically, to determine whether an offender would have been certified as an adult under Minnesota law, we look at Minnesota law in effect at the time the offender was certified. The district court applied Minnesota's certification statute in effect at the time appellant was certified in Wisconsin. We follow the Minnesota Sentencing Guidelines, and review the district court's determination of whether appellant would have been certified as an adult in Minnesota based on this state's law on the date appellant was certified in Wisconsin. *See also infra* note 5.

cases the Minnesota statute considered to be appropriate for adult certification as a *prima facie* matter. Minn. Stat. § 260.125, subd. 3(1) (1992). The statutes of Wisconsin and Minnesota in 1992 were sufficiently similar that appellant would have been certified as an adult in Minnesota had he committed the Wisconsin offenses here.[5] The district court could and did make that determination within the parameters of *Blakely*'s prior-conviction exception to the jury-trial right.

We also observe that comparison of certification statutes calls for a legal, rather than a factual, analysis. And *Blakely*'s concern was that a jury must decide *factual* questions that increase a defendant's sentence. 542 U.S. at 303–04, 124 S.Ct. at 2537. Here, the question resolved by the district court is a legal one, appropriately for resolution by the court. It would be unwieldy to require a jury to decide legal issues such as this one, and nothing in *Blakely* contemplates a jury trial on legal issues. Because the district court could determine that appellant would have been certified as an adult under Minnesota law based on an analysis of the Wisconsin statute under which he was certified, and be-

cause that determination was not based on the type of qualitative assessment of appellant's behavior requiring a jury trial under *Blakely*, the district court did not err in computing appellant's criminal history score without a jury.

## DECISION

Appellant has not demonstrated plain error affecting his substantial rights in the district court's jury instructions. When calculating appellant's criminal history score, the district court properly determined, without a jury, that appellant would have been certified as an adult in Minnesota had his Wisconsin juvenile offenses been committed here. The district court was not required to submit that issue to a jury, and did not violate appellant's constitutional right to a sentencing jury trial under *Blakely v. Washington*.

**Affirmed.**

---

**5.** Moreover, even if we were to apply current Minnesota law, we would reach the same result. *See supra* note 4.